Stayton, Associate Justice.
Several actions were instituted in the district court for Marion county against Jones, Edge-worth & fellers, and in each of these, attachments were sued out and levied upon their property situated in Marion and Cass counties. The first attachment was in favor of J. H. Bemi's; the second in favor of W. J. Sedberry, and a subsequent one in favor of the appellee. The attachments were levied in the order above given, each succeeding one being subject, however, to former liens.
All the personal property seized, except that in controversy in this case, was sold under the order of court and the proceeds ipaid into court. The appellant filed claim and bond against *674 each of the persons who had 'attachments to be levied on the property in controversy as the property of Jones, Edgeworth and Sellers. Judgments were rendered against Jones, Edgeworth and Sellers in favor of each person who had caused attachments to be levied.
The judgment in favor of Bemis was for six thousand seven hundred and thirty-two dollars, and it directed the money in court arising from the sale of personal property, amounting to four thousand nine hundred and ninety-six dollars and five cents, to be applied in part satisfaction of it, and it then directed the real estate, attached, to be sold and the proceeds so far as necessary to be applied to the satisfaction of the residue of the judgment and directed an execution to issue for any balance remaining unpaid.
The real estate was sold for one hundred and fifteen dollars, which still left due Bemis one thousand six hundred and twenty dollars and ninety-five cents, besides interest and costs. The property claimed by appellants was valued at four hundred and seventy-eight dollars and nine cents. The judgment in favor of Sedberry also foreclosed his lien acquired by attachment, and directed its satisfaction out of the proceeds of the attached property after the prior lien held by Bemis was satisfied. The claim to a part of the attached property urged by the appellants against Bemis, Sedberry and the appellee were separately made and tried, and in each case judgment was rendered against the claimant.
Throughout the judgments rendered in the claims cases, the priority of lien secured by priority of attachment was recognized and protected, and in the judgment from which this appeal is prosecuted it was declared that “It is therefore considered by the court that this judgment be, and the same is rendered and subject to, and to be executed .and paid after the full payment of any and all amounts which may be due said Bemis by the said Jones, Edgeworth and Sellers, upon the judgment of this court rendered, foreclosing the attachment lien of said Bemis v. Jones, Edgeworth and Sellers, and also subject to and to be executed and paid after the full payment of any and all amounts which may be due said W. J. Sedberry by the said Jones, Edge-worth and Sellers in his said attachment suit and judgment in this court, and in the event that the value of the. property in this cause involved be not sufficient to pay off and settle in full the said judgment and damages of the said Bemis and the said *675 Sedberry against the said Jones, Edgeworth and Sellers, then this judgment shall have no further force and effect in favor of plaintiff and against said defendant and its sureties herein.”.
It is urged that the court below erred in entering any judgment whatever, declaring that the property claimed by appellant was subject to the attachment levied in the action instituted by appellee, and that the only judgment that should have been rendered was one for costs. There is no merit in this proposition. The appellant, by making claim under the statute, invoked the judgment of the court as to whether the property-claimed was subject to sale for the payment of the several debts to secure which it was attached, and it can not be heard to say that the court erred in adjudicating the very question which it was asked to adjudicate, and in declaring, if the evidence justified it, that, as between the claimant and each of the attaching creditors of Jones, Edgeworth and Sellers, the property was subject to sale.
When the several writs of attachment were levied on property claimed by the appellants, the better practice would have been to institute but one proceeding to try the right to the property, to which each of the attaching creditors should have been made a party; and therein every question affecting the right of the parties could have been adjudicated, and the equities and priorities of each one adjusted. The appellant, however, did not see proper to pursue this course, but made separate claims against each person who had attached the property as the property of Jones, Edgeworth and Sellers, and thus forced the court to enter judgment in each case declaring that the property was subject to the several liens made upon it.
The judgment cited in this case, however, protects the appellant against a liability to any of the attaching creditors for a sum greater than the estimated value of the property seized, interest thereon and the damages awarded. Whether this shall goto thp one creditor or the other, in no way concerns the appellant. There is no error in the judgment of which the appellant can complain.
At the last Galveston term this court amended rule number eighty-eight so as to make it read as follows: “There shall be an index on the first page preceding the caption, giving the name and page of each preceding, including the name and page of each instrument in writing and agreement, and the testimony of each witness in the statement of facts, as it appears in the *676 transcript. The index shall not be alphabetical, but shall conform to the order in which the proceeding appears as transcribed.” This rule was made to take effect in all cases returnable to the present term and thereafter. The statement of facts in this case is embraced in one hundred and eighty-one pages of the transcript, and contains the most of the proceedings in the three cases against Jones, Edgeworth and Sellers, before named, as well as the proceedings in the three cases arising under the several claims made by the appellant, but the index is as follows: “Statement of facts, 13 to 193.”
Opinion delivered October 25, 1887.
This is not in any respect a compliance with the rule, and we have caused the clerk of this court to make a proper index to the statement of facts, for which he is directed to tax, against the appellant, as a part of his costs in this case, the sum of five dollars, which he may collect as other costs incurred in this court.
It is ordered that the judgment of the court below be affirmed.

Affirmed.