### J. H. DAVIS & BRO. ET AL. V. DALLAS NATIONAL BANK.

#### No. 673.

1. **Practice—Consolidating Causes.**—Where attachments by different parties are levied on the same property of a defendant, and the property is claimed by a third person, who gives separate bonds as claimant, in such case it is proper to consolidate these cases on motion; but a refusal of such motion is not reversible error unless injury be shown to have resulted to the complaining party.

2. **Attachment—Range Levy on Cattle.**—A levy of attachment by a sheriff upon cattle as they run on the range is not invalid because the return describes them as running "on the range in C. *and adjoining counties.*" Gunter v. Cobb, 82 Texas, 602, distinguished.

3. **Trial of Right of Property—Special Plea Necessary to Attack Levy.**— In a trial of the right of property, the invalidity of the levy by virtue of which the property was seized can be raised only by a special plea calling it in question and pointing out the invalidity.

4. **Contract in Writing—Parol Rescission of Defeasance Clause.**—H. executed to D. Bros., in satisfaction of a debt, an absolute bill of sale of cattle as they ran on the range, and about the same time made a written contract with them to gather the cattle for them, he to retain all over a certain number sufficient to discharge the debt at an agreed price per head. A few days afterwards, with the consent of D. Bros., he threw up the undertaking to gather the cattle. *Held*, that parol evidence was admissible to show this fact, and that thereby the bill of sale was left as the only and absolute contract between the parties.

5. **Verbal Sale of Cattle on the Range.**—A verbal sale of cattle on the range is valid when followed by actual possession before the rights of third parties have attached.

APPEAL from Clay. Tried below before Hon. GEORGE E. MILLER.

The opinion on the former appeal of this case, found in 78 Texas, 372, sets out in full the second instrument, or "gathering contract," by virtue of which the transaction between the parties was held to be only an executory contract or mortgage.

*R. D. Welborne*, *W. O. Davis*, and *J. L. Harris*, for appellants.—1. A valid range levy must be on the range generally without regard to county lines, and must be on a definite and precise number of cattle, reasonably sufficient in the estimation of the officer to satisfy the writ, or it is void. Rev. Stats., arts. 2293, 2314; Gunter v. Cobb, 82 Texas, 598; Keating v. Stone, 18 S. W. Rep., 797; Sanger Bros. v. Trammel, 66 Texas, 361; 1 Am. and Eng. Encyc. of Law, 191, term "adjoining;" Webster's Dic., same term.

. 2. A claimant of property is not estopped by his claim from showing that the judgment, writ, or levy, under and by virtue of which the property in dispute was seized, is void. Meader–Co. v. Aringdale, 58 Texas, 443; Bank v. Dougherty, 81 Texas, 301; Hamburg v. Wood, 66 Texas, 173; 2 Texas Ct. App. C. C., sec. 54.

3. A parol sale of cattle running on the range is valid when possession is subsequently taken before rights of third persons have attached. Bank v. Dougherty, 81 Texas, 301–305; Bank v. Emery, 78 Texas, 498, 512; Wells v. Littlefield, 59 Texas, 556; Benj. on Sales, sec. 358, ed. 1888.

4. If the two instruments be construed as a mortgage, Hull's equity of redemption could be released by parol, and a conditional thereby converted into an absolute sale, and no further instrument was necessary to vest the full title in the Davis Bros. The original deed being properly recorded and noted in the records of marks and brands, when Hull's equity of redemption was discharged their title became absolute, and being so, they could maintain this action whether in possession or not. Rev. Stats., art. 2464; Jones on Chat. Mort., secs. 775, 775a.

5. A mortgagee in possession, or one in possession under an executory contract of sale or any other claim of right, may maintain an action for the trial of the right of property, whether the possession "accompanied" the execution of the papers or not. All that is required is that he shall be in possession when the levy is made. Rev. Stats., arts. 4562, 4563; Erwin v. Blanks, 60 Texas, 583; Wells v. Littlefield, 59 Texas, 556; Bank v. Dougherty, 81 Texas, 301–305; Bank v. Emery, 78 Texas, 498–512; Webster's Dic., "accompany."

*J. A. Templeton* and *L. C. Barrett*, for appellees.—1. The court did not err in refusing to consolidate this cause with cause number 328, the Decatur National Bank v. J. H. Davis & Bro. Rev. Stats., art. 1450; Green v. Banks, 24 Texas, 522; Raymond v. Cook, 31 Texas, 374; Young v. Gray, 65 Texas, 99; Screwmen v. Smith, 70 Texas, 168; Construction Co. v. Meddlegge, 75 Texas, 634; Fitzpatrick v. Pope, 39 Texas, 315; Blankenship v. Thurman, 68 Texas, 671.

2. The officer in his return showed that he levied the writ of attachment upon all of certain marks and brands of cattle thereinafter enum-

erated, and upon all the cattle in said marks and brands; and the fact that, as a part of the description of said cattle, in designating the number in each of the various brands levied on, he used the word "about," did not make the levy indefinite; nor did the fact that he further described said cattle as running at large on their range in Clay and adjoining counties restrict said levy to county boundaries nor render the same indefinite or uncertain.

3. Appellants having claimed the property in controversy, and having by virtue of said claim obtained possession thereof, they waived any and all irregularities in the levy and estopped themselves from questioning the validity thereof. Brack v. McMahan, 61 Texas, 1, 2; Webb v. Mallard, 27 Texas, 80; Portis v. Parker, 8 Texas, 23; Earle v. Thomas, 14 Texas, 583; Livingstone v. Wright, 68 Texas, 706; 1 W. & W. C. C., sec. 737.

4. The contract between J. L. Hull and J. H. Davis & Bro. was evidenced by the two written instruments executed at substantially the same time, and no declaration of Hull, contemporaneously or subsequently made to other persons, and no acts of his tending to show that the contract as made was different from that so evidenced by said writing, either as to the transfer of the title or as to the delivery of the cattle, should have been received in evidence against appellee. Lessing v. Grimland, 74 Texas, 239; Bank v. Davis, 78 Texas, 362–368; Astugueville v. Loustaunau, 61 Texas, 233–237; Garrahy v. Green, 32 Texas, 202; Overstreet v. Manning, 67 Texas, 657–661; Wilson v. Simpson, 68 Texas, 306–313.

5. These instruments, taken either together or separately, did not constitute a mortgage or an executed contract, but evidenced an executory contract, which, in the absence of an actual delivery by J. L. Hull to appellants of the property therein described, did not, as against appellee, convey to appellants the title to said property, or any interest therein, such as would authorize them to maintain their claim thereto. Sayles' Civ. Stats., Rule 21 of chap. on Evidence; Howard v. Davis, 6 Texas, 173–179; Dunlap v. Wright, 11 Texas, 597–601; Wallis v. Beauchamp, 15 Texas, 303; 1 Greenl. on Ev., sec. 268.

HEAD, ASSOCIATE JUSTICE.—We find no reversible error in the refusal of the court to consolidate this cause with cause number 328, in which the Decatur National Bank was plaintiff, and these appellants were defendants, as claimants. We believe, however, the better practice would have been to have consolidated the cases, notwithstanding separate bonds were given. Our statute passed since the levy of these attachments (2 Sayles' Civil Statutes, articles 4823, 4843), contemplates that but one judgment will be rendered against the claimant for the value of the property, which will be ordered paid to the plaintiffs in the different writs, according to their respective priorities.

This was, however, the proper practice even before the passage of this statute.    Elser v. Graber, 69 Texas, 222.

It is true, in the last case cited only one bond was given, which was made payable to all the plaintiffs in the different writs; but it seems to us that the same rule of liability should be applied to the claimant in cases where he gave separate bonds and that the rights of the respective parties could be more easily adjusted in one suit than by proceeding separately.    The question of consolidation, however, is one so largely confided to the discretion of the trial court, that we would not feel disposed to reverse a judgment for error in its ruling thereon, unless injury be shown to have resulted to the complaining party therefrom.    Young v. Gray, 65 Texas, 99.    In this case, by proper pleading, we think appellants can fully protect themselves in the case with which consolidation was refused.    Blankenship v. Thurman, 68 Texas, 671.

We think the court committed no error in refusing to hold the levy of the attachment, under which appellee claims, void.    The return of the officer upon this writ, which it is claimed makes this levy a nullity, is as follows: "Came to hand the 22nd day of June, 1885, at 5 o'clock p. m., and executed June 22, 1885, by seizing and levying upon all the following marks and brands of cattle, and all the cattle in said brands as follows, to wit:   About 1200 head of stock cattle, including cows, calves, yearlings, said brands described as follows, and said cattle branded in said brands, to wit:   H U L on left side, L H on left side, and 4 on left hip; ⬜ on left side jaw, shoulder, and hip, and various marks; and also all the steer cattle branded as follows:   X°4 on left side, except the bulls; 3T on left side, and O around left hipbone, except the bulls; 4T on left side, and O around left hipbone, and about 250 branded 2 (on either side) on hip, side, and thigh, and X4 on right hip and side.   Said brands and marks and said cattle branded therein levied on as the property of J. L. Hull, in the presence of James Dawson and W. S. Foster, as they ran at large on the range in Clay and adjoining counties, and notice thereof given in writing to said J. L. Hull on the 22nd day of June, 1885.   [Signed] G. C. Wright, sheriff of Clay County, Texas.   By Lon Burson, deputy."

The return which, in the case of Gunter v. Cobb, 82 Texas, 602, was held to show an invalid levy upon cattle running at large on the range, was as follows:   "I did, in the presence of two good and credible witnesses, to wit, W. E. Johnson and H. Burnham, levy upon and take into possession, as they ran upon the range in Wichita County, Texas, the following described stock cattle:   A certain lot of mixed stock cattle, some branded T, some ⌡⌡⌡, some ⌡⌡⌡⌡, some XOZ, nearly all those branded ⌡⌡⌡, ⌡⌡⌡⌡, and XOZ having the T brand on them also; and all of them having a ＼ on the left loin, numbering 3000 head, and being all the cattle in said brand in Wichita County."   Simi-

lar levies were made in several other counties, in each instance restricting the levy to the cattle running in the particular county in which it was made; and this was wherein the invalidity consisted.

We do not understand the levy in this case to be so restricted, but rather to be a levy upon 1200 head of stock cattle in the given brands, wherever found, and the naming of Clay and adjoining counties should be treated rather as furnishing information for locating the cattle than restricting the levy.

We also think the action of the court in not treating this levy as void was correct, because appellants had not presented the question by a proper plea. In Fort Worth Publishing Company v. Hitson & Reed, 80 Texas, 234, it is said: "The validity of the plaintiff's writ was not to be contested except by a special plea, pointing out the grounds relied upon for showing its invalidity. If the plaintiff had to prove his writ in every case in which the defendant pleaded a general denial, logically the burden of proof would be upon him in every such case. Evidently, the purpose of the statute was to secure a trial of the contest as to the right of property, and not of the validity of the writ, and we think it was intended that the validity of the writ should not be questioned, except by a special plea setting up the grounds upon which its invalidity is claimed." See also Meader-Co. v. Aringdale, 58 Texas, 447.

The only plea filed by appellants questioning the sufficiency of the levy in this case is as follows: "The defendants deny each and every allegation in the issues tendered by the plaintiff, and of this they put themselves upon the country, and claimants specially deny that plaintiff ever made a valid levy on said cattle or any portion thereof, and allege the contrary to be the fact." No attempt is made to point out the particular defect complained of in the levy, and we think this can be treated as having no greater effect than the general denial with which it was coupled.

We think it matters but little whether the instrument termed by the parties "the gathering contract" was executed at the same time as the bill of sale or subsequently thereto. If it be admitted that the bill of sale was first executed as a separate transaction, it can not be denied but that the parties would have the right subsequently by a valid contract to change the terms thereof; and after such change had been made by the execution of the second contract, the two should be construed together, the second as modifying the first in so far as it conflicted therewith.

When so construed, it is settled by the opinion of our Supreme Court upon the former appeal of this case (78 Texas, 362), that appellants did not by the two contracts acquire such an interest in the cattle as would enable them to maintain this proceeding for the trial of the right of property. Appellants, however, offered to prove by J. R.

Davis, "that on or about June 9, 1885 (which was before the levy of appellee's attachment on June 22nd, thereafter), at Hull's headquarters in Clay County, after the execution of the contracts read in evidence (on June 5th), Hull came to him and told him that he had looked over the range, and concluded that there were not more than enough cattle on the range to pay the Davis debt, and that he saw that there would be no excess to pay him for gathering the cattle, and he proposed to throw up the right given him under the last contract, and that Davis released him from the obligation to gather the cattle on the range, and they then and there agreed that Davis was to have all of said cattle in payment of his debt; to which proposed evidence the plaintiff objected, because immaterial and irrelevant, and without consideration, and could not pass title to cattle on the range, and hearsay," which objections were sustained by the court, and the proposed evidence excluded.    Appellants also proposed to make in substance the same proof by the witness Gowan, which was also refused by the court.

If, as we have decided above, the parties could change and modify the original bill of sale by a subsequent contract, it follows that they could change and modify both of these by a third contract; and had this evidence been admitted by the court, and the jury had found it to be true, the contract would have stood at the date of the levy of appellee's attachment exactly as set forth in the bill of sale previous to its modification by the gathering contract.    In other words, the status of the parties at the time of the levy of this attachment would have been an absolute transfer by Hull to appellants of the cattle in controversy, in payment of the debts named in the bill of sale; and as this bill of sale, at the time of its levy, seems to have been properly recorded, and was the contract then in force, we see no reason why appellants' right to the cattle was not complete, even though in the interim it may have been for a few days somewhat modified by another arrangement, which had itself been abrogated by a valid agreement.

We therefore conclude that the rejection of this evidence was material error, for which the judgment rendered by the court below must be reversed.

We also think this rejected evidence should have been admitted upon another ground.    The fifth paragraph of the charge of the court to the jury was as follows: "If you find and believe from the evidence that the execution of the papers hereinbefore referred to was accompanied by the delivery of the cattle to defendants, you will find for the defendants."    Appellants, upon this branch of the case, requested the following charge, which was refused by the court: "It was not necessary that the contract read in evidence, executed by J. L. Hull and Davis Bros., should have been accompanied by the delivery of the cattle, provided same was followed by delivery before the attachment of the plaintiff was levied."

We are of opinion, that even a verbal sale of cattle running upon the range is valid if followed by an actual delivery previous to the acquisition of rights therein by a third party, and that the requested charge would more nearly convey this idea to the jury than the one given by the court. It is quite probable that the jury understood from the charge as given them that the execution of the contracts referred to therein and the delivery of the cattle had to be simultaneous acts. Had the rejected evidence above referred to been admitted and believed by the jury, appellants, from the date of the verbal agreement therein referred to, would have been the owners of such of the cattle as were thereafter reduced to possession by them, previous to the levy of appellee's attachment; and we are of opinion, that there was sufficient evidence to go to the jury that such possession had been taken of a number of the cattle not contained in the pasture for which appellee did not recover. If appellants, under such verbal contract, once had actual possession of the cattle, the fact that they may have turned them again upon the range would not deprive them of the title thus acquired. As to the kind of possession, accompanying an unrecorded contract of sale, which will be sufficient to convey the title to stock running at large upon the range, see National Bank v. Brown, 85 Texas, 80.

The other assignments need not be considered.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 4, 1894.