## J. B. SCOTT v. FRANK DE WITT.

Decided February 17, 1906.

**1.—Trial of the Right of Property—Judgment by Default.**

When a cause for the trial of the right of property was called on appearance day counsel for the claimant stated to the court that he was ready to join issues at such time as the court should direct. When the case was reached later in the term counsel for plaintiff, in the absence of counsel for the claimant, asked that he have judgment by default. This the court refused to grant, but notified counsel for the claimant, and at a still later day directed issues to be joined, and proceeded to trial. Held, in view of the provision of the statute (Sayles' Stats., art. 5299), requiring issues to be joined under the direction of the court, there was no abuse of discretion.

**2.—Same—Validity of Writ—Claimant May Attack.**

In a suit for the trial of the right of property the claimant may attack the validity of the writ by which the property is seized, by specially pleading the irregularity of the seizure.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*Womach & Holman,* for appellant.—If the plaintiff appears and the defendant fails to appear or neglects or refuses to join issue under the direction of the court or justice, "Within the time prescribed for pleading," the plaintiff shall have judgment by default as in other cases. Rev. Stats., art. 5299; Martin et al. v. Harnett et al., 86 Texas, 523.

One who is a stranger to the process by which property is seized can not question the regularity of the writ, judgment or proceeding on which it is based. Ross v. Lewyn, 24 S. W. Rep., 538; Slade v. Le Page, 8 Texas Civ. App., 405.

*Veale, Crudgington & Bailey,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee as claimant against appellant in a trial of the right of property case in the District Court of Potter County.

The first assignment of error complains of the refusal of the trial court to render a default judgment in appellant's favor. Upon the call of the docket upon appearance day of the term to which this case was returnable, appellee's counsel stated to the court that he was ready to join issues at such time as the court should reach the case on the docket and direct issues to be made. No objections seem to have been made to this, and the cause was never called or reached for trial until the fifth day of the fourth week of the term, when counsel for appellant, in the absence of counsel for appellee asked the court to take up the case and give judgment by default. The court declined to do this, and later remembering that counsel for appellee had announced his readiness to join issues when directed by the court so to do, called the matter to the attention of such counsel, and asked him whether or not it was desired to urge a defense to said cause. Finally when the

cause was reached for trial, the court allowed issues to be joined by the parties and proceeded to trial in the case.

In view of the phrase "under the direction of the court" contained in the article of the statute (Sayles' Civil Statute, art. 5299) providing that "if the plaintiff appears and the defendant fails to appear or neglects or refuses to join issue under the direction of the court or justice within the time prescribed for pleading, the plaintiff shall have judgment by default as in other cases," we think it quite clear that under the facts of this case there has been no abuse of discretion upon the part of the trial court in refusing to award appellant a judgment by default. It would have been a great injustice to have allowed such default under the circumstances, when appellee's counsel had expressed willingness to join issues at any time the court might direct the parties to do so, and there is not the slightest indication that he was ever derelict in this respect after the court's order to make up issues.

The second assignment of error complains of the overruling of appellant's general demurrer to appellee's answer. It is probably sufficient in reply to this assignment to say that the answer contained, among other things, a general demurrer and a general denial. We are not prepared to hold that such answer would present no issue in the statutory action of trial of the right of property. Nor are we prepared to hold that the special answer setting forth the invalidity of the attachment levy upon the property in controversy, did not also present a defense to plaintiff's claim. It was alleged that the property was never actually seized by the officer who attempted to execute the writ, but remained at all times in the undisturbed possession of the defendant in attachment, the nature of the property being such as that a levy could only be made by actual seizure of the property under the statute. (Latham v. Selkirk, 11 Texas, 320; Ft. Worth Pub. Co. v. Hitson, 80 Texas, 234; Ross v. Lewyn, 24 S. W. Rep., 538.) An examination of the authorities cited will show that appellant's proposition to the effect that a stranger to the process by which property is seized can not question the regularity of the writ, judgment or proceeding on which it is based, can not be accepted in its broadest sense. We are not aware of any case which holds that the regularity of the seizure can not be questioned where such matter is specially pleaded, and we are not inclined to do so. The fact that such plea in this case was not filed in due order of pleading as a plea in abatement, if it should have been, as some of the authorities indicate, was in no manner objected to at the trial, nor is it urged here.

The third and only remaining assignment is not considered, because it complains of the trial court's ruling on six distinct special exceptions, and is therefore not within the rules prescribed for briefing.

All assignments of error are overruled and the judgment is affirmed.

*Affirmed.*