CLAYTON et al. v. WESTERN NAT. WALL PAPER CO.

(Court of Civil Appeals of Texas. Amarillo. April 6, 1912.)

1. PRINCIPAL AND AGENT (§ 103*) — AUTHORITY OF AGENT—SALES.

A salesman had implied authority, upon taking a note for an order, to agree that his principal would take back unsalable goods

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

theretofore purchased from the principal, and which the buyer then had on hand, and would give the buyer credit on the note for them at their invoice value.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 278–293, 353–359; Dec. Dig. § 103.*]

**2. BILLS AND NOTES (§ 484*) — ACTION ON NOTE—ANSWER.**

In an action on a note, an answer setting up an agreement by plaintiff's agent to credit on the note the amount of unsalable goods theretofore sold by plaintiff to defendant need not particularly describe the unsalable goods, where the answer further alleges that, under such agreement, plaintiff was to make an inventory of the goods after they were returned.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1535–1538, 1563; Dec. Dig. § 484.*]

**3. SALES (§ 1*)—CONDITIONS—VALIDITY.**

An agreement by a seller of goods to take back all unsalable goods in a former order which the buyer had left over and could not use was not void for uncertainty as to the goods which were to be taken back.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1, 3–5; Dec. Dig. § 1.*]

**4. SALES (§ 354*)—PAYMENT—RECOVER BACK.**

In an action on a note in which the answer alleged that the note was given for the price of goods, and that the purchase of the goods was induced by a promise on the part of plaintiff's agent to take back certain goods which defendant had theretofore purchased of plaintiff, and to credit the amount thereof on the note, a further allegation that defendant had made a payment on the note on the threat of plaintiff's attorney to sue thereon, and upon such attorney's representation that plaintiff was not bound by the agreement of the agent, was immaterial, since, if the agent was authorized to make such agreement, plaintiff could recover back the payment, made irrespective of the representation of the attorney.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1005–1024; Dec. Dig. § 354.*]

**5. PLEADING (§ 146*)—PLEADING — DEFENSE.**

Under Sayles' Ann. Civ. St. 1897, art. 751, providing that a counterclaim shall state distinctly the nature of the several items thereof, and conform to ordinary rules of pleading, an answer was defective which pleaded as a defense to a note that it had been given for goods ordered and that substitute and inferior goods had been sent, but did not show what part of the goods sent were not as ordered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

**6. BILLS AND NOTES (§ 484*) — ACTION — PLEADING.**

In an action on a note given for goods sold, an answer pleading a tender and a willingness at all times to surrender certain goods, the value of which it had been agreed should be credited on the note, need not state the time of the tender.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1535–1538, 1563; Dec. Dig. § 484.*]

**7. BILLS AND NOTES (§ 476*)—ANSWER—SUFFICIENCY—FAILURE OF CONSIDERATION.**

An answer alleging that the note sued on was given for an order of goods under promise that the plaintiff would take back certain unsalable goods which the defendant had on hand, and would credit the invoice price thereof on the note, and that, notwithstanding the continued willingness of the defendant to deliver the goods, the plaintiff had failed and refused to receive them, sufficiently showed a failure of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. § 476.*]

**8. EVIDENCE (§ 441*) — PAROL EVIDENCE — FAILURE OF CONSIDERATION.**

In an action on a note, parol evidence was admissible to show that the part of the consideration which the defendant claimed to have failed consisted of a parol agreement, whereby the plaintiff was to take back certain unsalable goods and credit their invoice price on the note; parol evidence being admissible to show failure of consideration regardless of any question of fraud, accident, or mistake.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

An action by the Western National Wall Paper Company against J. M. Clayton and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

C. A. Wright, of Amarillo, for appellants. R. E. Underwood, of Amarillo, for appellee.

HALL, J. Appellee filed this suit in the county court of Potter county against appellant Clayton as principal, and J. R. Wrather as surety, upon a note for $395. The substance of appellant's answer is as follows: "J. M. Clayton on oath says: That the consideration for which the notes herein were given has failed and has in all things been satisfied as hereinafter shown. That in the fall of 1908 defendant Clayton ordered from plaintiff certain wall paper. That during the winter of 1908–09, and the spring and summer of 1909, plaintiff pretended to fill said order. That in many instances the goods shipped were not the goods ordered. In a large number of cases of such kind as defendant, a dealer in wall paper, could not handle the same. The total price of said goods was $1,858, all of which has been paid. That about March 19, 1910, plaintiff's agent and salesman approached defendant to sell him other goods. That defendant called his attention to the large quantity of undesirable and inferior goods he had bought from said plaintiff which he could not handle among his customers. That thereupon said agent proposed and agreed with said Clayton that, if he would give him his order for such goods as he wanted and his note for same, plaintiff company would take back all of said first purchases that Clayton had left, or such as he could not use at the original price and freight charges, and give him credit on his note for same when they had inventoried same. That, relying upon such promise and agreement, Clayton ordered the goods for which the note herein sued upon and its companion note, aggregating $825, were given. That since Clayton had repeatedly called the attention of plaintiff to the agreement, and the fact that said goods were waiting

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

for them. That Clayton had ever been ready and willing to turn over said wall paper agreed to be taken back, and for which he was to have credit, and had repeatedly tendered the same to plaintiff. That during the summer of 1910 plaintiff's attorney came to Clayton, threatened him with suit if he did not make a payment on the note, declared that his company was not legally liable for the agreement of said agent and salesman, and, thus misguided and misadvised and intimidated by said attorney, Clayton paid said attorney $200, $100 to be credited on each of said notes. That the wall paper agreed to be taken back consisted of 2,500 bolts. That the list price of more than half of same was 32 cents a bolt. That the rest of it had a list price of 24 cents a bolt, except a few bolts listed to him at 48 cents a bolt, which were the prices paid plaintiff for same by Clayton, making an average of more than 28 cents per bolt, or more than $700. That the average freight charge is $30, which had been paid by Clayton."

Appellant then averred his willingness to comply with the terms of said agreement, the impracticability of more fully describing the goods tendered, and further alleges: "Had the goods for which said notes were given been as ordered, they would have been worth $825, this being the amount of said two notes together, but as a matter of fact plaintiff substituted in many instances, giving said Clayton different styles and inferior quality of goods, such that he was compelled to sell at a lower price than the goods actually ordered were worth. That most of these goods have been sold, and that on account of the peculiar value of the goods and the miscellaneous qualities and styles, and the fact that the inventories and orders are lost, he is unable to better describe the same. That by reason of the difference in quality he was required to sell the same for at least 25 per cent. discount of his selling price for the kind of goods actually ordered, this 25 per cent. less on the whole as an average. That the consideration for said notes have failed to the extent of said difference, amounting to $200. That the check which he gave plaintiff for $230 for the payment of the freight and for $100 to be credited on each note was without consideration." The plea is properly verified. The foregoing does not fully set out the facts alleged.

[1, 2] To this answer the court sustained first a general demurrer and the following special exceptions: "(a) Defendant alleges that the goods sold during the years 1908–09 were inferior and unsalable in part, but no itemized statement of the goods is given showing those salable and as represented, and showing those unsalable and not as represented, by plaintiff at the time of the sale. (b) Defendant does not allege how or in what particulars said goods were inferior and not as represented, and no facts are stated showing any misrepresentation of the kind or quality of said goods. (c) The amount, kind, and quality of the goods alleged to have been agreed to be taken back by plaintiff at the time the note in suit was executed is not stated, and no itemized list of said goods is anywhere stated in said answer. * * * (f) Said answer does not show or purport to itemize the goods which said answer proposes to tender now to plaintiff, and no statement is made as to the amount or kind of goods now sought to be tendered." We think the court erred in sustaining the general demurrer. Clayton alleged a contract made with the agent of appellee, which the agent had the implied authority to make. Eastern Manfg. Co. v. Brenk, 32 Tex. Civ. App. 97, 73 S. W. 538. We can see no other theory upon which the court could have sustained the general demurrer.

The four preceding special exceptions should not have been sustained for the reason that the pleading shows, under the agreement had with the agent and salesman, the goods were to be inventoried by appellee after they had been returned by appellant. It is clear that, under the agreement, appellee could not have been required to accept any goods which it had not shipped to appellant, and therefore a description of the goods in the pleading was immaterial, and would have unnecessarily incumbered the record.

[3] The following exception: "(d) The terms of said alleged agreement to take back the goods are vague, uncertain, and indefinite, and do not show that the minds of the parties ever met in agreement as to what goods were to be taken back"—was sustained by the court. This was error, as, under the agreement, the plaintiff company were to take back all of the first purchases that Clayton had left or such as he could not use, and the pleading shows 2,500 bolts constituted the paper comprehended in the agreement.

[4] The following special exception was also sustained: "(e) That portion of said answer which alleges that plaintiff's attorney threatened defendant Clayton with suit and said that plaintiff was not legally liable for the agent's agreement that it should take back part of the goods, etc, is wholly immaterial, and states no defense for the reason that the statement that said suit would be brought was a statement said attorney had a right to make without prejudicing his client's rights, and the statement as to the authority of the agent was a statement of legal conclusion, and not a statement of any fact, and could not constitute the basis of misrepresentation." In our opinion this exception should have been sustained. If the execution of the note had been induced by the promise of appellee's agent and salesman and payment had been made thereon, we think appellant would be entitled to recover the amount of such payment under his allegations if sustained by the evidence, and the representations made by appellee's attorney were wholly immaterial.

[5] The court properly sustained the following exception: "(g) Said answer does not show what goods in said last order were not as represented and were substituted for other goods alleged to have been ordered and no list or statement of such goods is given." The appellant sought to offset the amount of the note by a claim for inferior quality of the goods purchased and the general rule applying to a plea of set-off and counterclaim was applicable here. Sayles' Civ. St. art. 751. Appellee had the right to be apprised by the pleading of what goods shipped by it under the last order were inferior, and without particular knowledge we are unable to see how appellant could have sustained this allegation by his proof.

[6] Plaintiff's exception "h," that the time of the alleged tender is not stated, is without merit, and should not have been sustained.

[7] The court sustained the following exception: "(i) It is not shown in said answer how and to what extent there has been a failure of consideration and no facts are stated showing a consideration." This was error. It is specifically alleged that part of the consideration for the execution of the two notes, one of which is involved in this suit, was that appellee should take back the goods set out in the pleading, and credit the invoice price thereof upon the notes executed. It is specifically alleged that, notwithstanding the continued willingness of appellant to deliver the goods, appellee had failed and refused to receive them.

[8] The court also sustained the following exception: "(j) Said agreements as alleged seek to vary the terms of a written contract, and it is not alleged that said agreements to take back a part of the wall paper were in writing." In our opinion there was error in the court's ruling upon this assignment. While it is the general rule that, when any contract or other undertaking has been reduced to writing, the terms of such instrument cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence, still there are many well-recognized exceptions to the rule, and one is with reference to the consideration of such instruments. It is now well established by a multitude of decisions that the recitals of a written instrument, as to the consideration, are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was, or that there was a want or failure of consideration, either in whole or in part (Watson v. Boswell, 25 Tex. Civ. App. 379, 61 S. W. 407), and the rule does not rest upon the ground of fraud, accident, or mistake, and therefore it is unnecessary, in order to form a basis for the admission of such evidence, that the pleading should contain any allegation thereof. Taylor v. Merrill, 64 Tex. 494; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 156, 17 S. W. 534; Boren v.

Boren, 29 Tex. Civ. App. 221, 68 S. W. 184; Johnson v. Elmen, 24 Tex. Civ. App. 43, 59 S. W. 605.

Since the errors pointed out will require a reversal of the cause, in view of a new trial, we think under the rule announced in the following cases, and the authorities cited therein, that this cause should be consolidated with cause No. 1,111, referred to in appellee's brief. Johnston v. Luling Mfg. Co., 24 S. W. 996; Davis & Bro. v. Dallas National Bank, 7 Tex. Civ. App. 41; 26 S. W. 222; Herring v. Herring, 51 S. W. 865.

The matter of consolidation of causes, however, is ordinarily within the sound discretion of the trial court, whose action will not be reviewed here unless manifestly injurious to appellant, and no order of consolidation is made herein.

For the errors pointed out, the judgment of the trial court is reversed and remanded.