**BOW v. HODGES.**

No. 5035.

Court of Civil Appeals of Texas. Texarkana.

Feb. 5, 1937.

Rehearing Denied Feb. 18, 1937.

1044

A. F. Nossaman, of Whitewright, O. W. Woodrow, of Sherman, and S. F. Leslie, of Bonham, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

HALL, Justice.

Appellee instituted this suit in the justice court of precinct No. 1 of Fannin county against appellant, John Large, constable of precinct No. 1 of Fannin county, and Sidney Woodruff, alleging that Sidney Woodruff was his tenant and that he, appellee, had furnished him two mules for the sum of $185 with which to raise a crop; that Woodruff paid $100 cash on the purchase price of the mules, leaving a balance of $85 due, for which he gave his note to appellee, due September 1, 1934, together with a chattel mortgage on said mules to secure the payment of said note. Appellee alleged further that he had a valid landlord's lien on certain cotton raised on his farm by Woodruff, which was also security for the debt owing him by Woodruff and his ¼ rent and expenses of ginning and gathering his crop. That appellant and John Large, constable, had seized three bales of cotton raised by Woodruff on appellee's premises and were threatening to sell same and appropriate the proceeds thereof.

Appellant answered that he was the owner of a certain judgment rendered in justice court of Grayson county, Tex., against Sidney Woodruff and others in the sum of $166, less a certain credit, and had caused in alias writ of execution to be levied on Woodruff's ¾ interest in the cotton claimed by appellee. That appellee had made no effort to foreclose his chattel mortgage on the mules to collect the balance of the indebtedness due on them.

John Large, constable, and Sidney Woodruff appeared in the justice court and a notation on the docket of the said justice court shows that John Large entered a general denial. No pleading of Sidney Woodruff shows to have been noted.

Judgment was rendered in justice court for appellee for ¼ interest in the three bales of cotton as rent, for his debt, interest, and attorney's fees, and foreclosing his landlord's lien on the ¾ interest of Woodruff in the three bales of cotton in controversy, and a foreclosure of the chattel mortgage against the mules, but adjudged them to be the exempt property of Woodruff and his wife, subject only to the chattel mortgage. The judgment ordered the ¾ interest in the three bales of cotton to be sold first, applying the proceeds to the payment of appellee's claim against Woodruff, and if the proceeds were not sufficient to satisfy appellee's claim, then the mules should be sold and the proceeds applied to the payment of appellee's indebtedness, and any sum remaining from the sale of said mules to be turned over to Woodruff, and any sum remaining from the sale of the ¾ interest in the three bales of cotton should also be turned over to Woodruff, should the proceeds from the sale of the cotton be more than enough to pay appellee's claim. All costs were adjudged against J. L. Bow, appellant. From this judgment Bow appealed to the county court of Fannin county.

The case was tried in the county court upon the same pleadings filed in the justice court, with the exception of a supplemental answer filed by appellant wherein he alleged that appellee by virtue of his acts and conduct in permitting the tenant, Woodruff, to dispose of the produce from his farm had waived his landlord's lien. A judgment similar to the one rendered in the justice court was entered in the county court, and from which appellant prosecutes an appeal to this court.

This case, though not statutory in form, in all respects is a trial of the right of property between appellant and appellee.

The tenant, Woodruff, the record discloses, made no answer in said cause and introduced no testimony. He simply stood by and let his creditors fight it out over his property.

■ At the outset we are met with the proposition advanced by appellee that:

"Where a plaintiff in a law suit is entitled to a judgment for a debt against a defendant with a foreclosure of a lien against personal property, and another party to the suit, who alleges he holds a judgment against defendant on which an execution has been issued and levied on a portion of the property foreclosed against, such other defendant, on appeal, is entitled to no relief as against any of the parties to the suit in any event unless, on the trial of the suit, he places in evidence the judgment claimed to be held by him."

This states a correct proposition of law where the issues are properly joined by pleadings. In this case the appellant in his answer to appellee's suit for foreclosure of his chattel mortgage and landlord's lien alleged that he was the holder of a valid judgment against the tenant, Woodruff, and that he had caused an alias execution issued on same to be levied on Woodruff's interest in the three bales of cotton in controversy. This allegation was not denied either by appellee or his tenant, Woodruff. In this state of the record, we do not think it was incumbent upon appellant to introduce in evidence his judgment theretofore obtained against his tenant, Woodruff. The appellant, did, however, introduce in evidence the alias execution issued on his judgment which had been levied on the cotton by the constable, John Large. Under the record before us, we think appellant showed sufficiently an execution lien in his favor on Woodruff's interest in the three bales of cotton. Ft. Worth Publishing Co. v. Hitson, 80 Tex. 216, 14 S.W. 843, 16 S.W. 551; Betterton v. Echols, 85 Tex. 212, 20 S.W. 63; Roos v. Lewyn, 5 Tex.Civ.App. 593, 23 S.W. 450, 24 S.W. 538; Davis v. Dallas Nat. Bank, 7 Tex.Civ.App. 41, 26 S.W. 222; Scott v. De Witt, 42 Tex.Civ.App. 69, 93 S.W. 215.

■ We shall next consider the assignments of error brought forward by appellant. By his first assignment, he contends the trial court erred in holding that the mules in controversy were exempt property of Sidney Woodruff because there is no evidence in the record in support of such findings. We think this contention is correct. Woodruff, the tenant and owner of said mules, filed no answer and introduced no evidence in the trial of this case in the court below. No exemption was pleaded or proved by him. From the record there is no way of knowing whether Woodruff owned two or ten mules. Exemptions, under the law of this state of personal property from forced sale, is personal to the owner of the exempt property and can be waived by him by failure to set up its exemption. This is precisely what happened in the trial of this case in the court below. Not only did the tenant fail to allege and prove that the mules were exempt, but no one else did so for him. In the case of In re Blanchard (D.C.) 161 F. 793, 796, it is said:

"There is no halo around personal property exemptions. They are simply exemptions, and are not handed out on a silver waiter. There is a burden resting on one claiming an exemption. He must claim it."

■ Appellant's second assignment of error is:

"The court erred in failing to require the plaintiff (appellee) W. G. Hodges, to satisfy his judgment first out of the proceeds of the sale of the mules upon which he held a chattel mortgage lien, and second, out of the proceeds of the sale of the cotton, it being admitted that the mules were worth far in excess of the amount of W. G. Hodges' (appellee's) debt."

This assignment, we think, should be sustained. In the case of Ohio Cultivator Co. v. People's Nat. Bank, 22 Tex.Civ.App. 643, 55 S.W. 765, 771, the following is quoted with approval:

"In Ramsey's Appeal, 2 Watts [Pa.] 228 [27 Am.Dec. 301], it said: 'But if there is any rule or principle of equity plainly, positively, and incontrovertibly established on the basis of reason and authority, it is that he who may at law control the application of two or more funds shall not be suffered to use his legal advantage to exclude the demand of a fellow creditor, whose legal recourse is but to one of them.'"

The record discloses that appellee had a mortgage lien and a landlord's lien on the mules and a landlord's lien on the three bales of cotton in controversy, while appellant by virtue of the levy of his execution had a lien only on the tenant's 3/4 interest in the three bales of cotton in controversy. It is clear, then, to our mind, that

the above rule should apply in this case. To hold otherwise would permit appellee to destroy the lien of appellant on the cotton without the least benefit to himself. There is no question here of the mules being exempt property and the cotton being nonexempt, and a plea by the owner thereof (the tenant, Woodruff) that the nonexempt property be sold first and the proceeds applied to the payment of appellee's claim. If this were true, a different conclusion would no doubt be reached by us.

Appellant also complains of the action of the trial court in adjudging all costs accruing in the lower courts against him. We agree with this contention in this respect. As said in the beginning, this suit was brought by the appellee against Woodruff, the tenant, for his debt and for foreclosure of his liens, the constable, and the appellant. At the trial in the court below the tenant dropped out of the picture, leaving appellee and appellant free to satisfy their claims out of his personal property, that is, the team of mules and his interest in the three bales of cotton. This personal property was ample to satisfy the claims of both and the costs incurred in the lower courts.

The judgment of the lower court is affirmed in so far as it allows a foreclosure on appellee's chattel mortgage lien and landlord's lien on the team of mules and Woodruff's ¾ interest in the three bales of cotton in controversy, together with ¼ interest in said cotton as rent; but is reversed in so far as it denies to appellant any relief and adjudges the cost in the justice and county court against him, and is here rendered that appellant have a foreclosure of his execution lien on the ¾ interest of Woodruff in the three bales of cotton theretofore levied on by the constable, John Large; that the team of mules and the ¾ interest in the three bales of cotton be sold and the proceeds of the sale of the team of mules first be applied in payment of the debt owing appellee. The balance remaining, if any, to be paid to Sidney Woodruff, and the proceeds of the sale of Woodruff's ¾ interest in the three bales of cotton to be applied to the payment of the debt of appellant, the balance remaining, if any, to be paid to Sidney Woodruff. Should the proceeds from the sale of the mules be insufficient to pay the debt owing appellee, then the proceeds from the ¾ interest in the three bales of cotton is to be applied to the payment of the same; and any sum remaining to be paid to appellant. All costs accruing in the justice and county courts are adjudged against Sidney Woodruff, and the costs of this appeal adjudged against appellee.