PEERLESS REAPER COMPANY, Respondent, vs. CONWAY, Appellant.

*April 13 — May 5, 1891.*

*Breach of warranty as a defense.*

A mere breach of the warranty under which a machine was bought is no defense, in whole or in part. to an action to recover damages for the refusal of the purchaser to give his notes for the purchase price, as stipulated in his contract, especially where he does not set up any counterclaim by way of recoupment of damages; but he must show either that he effectually rescinded the contract, or that the machine was wholly worthless.

APPEAL from the Circuit Court for *Vernon* County.

In June, 1889, defendant gave the plaintiff company, though its agent at Hillsborough, Wis., a written order for a "No. 6 single reaper," to be delivered to him at Hillsborough, July 1st following, for which he agreed, on delivery, to execute to plaintiff his two notes,— one for $30, payable October 1, 1889, and the other for $40, payable one year later. A reaper was delivered to him by plaintiff at the time and place stipulated in the order, but it is a disputed question of fact in the case, under the pleadings, whether it was delivered under the contract in performance thereof by plaintiff, or whether it was delivered to him for temporary use until the plaintiff could fill the order. The order refers and is expressly made subject to a contract of warranty printed on the back thereof. This instrument, after specifying how the reaper shall be constructed and the character of the work it shall do, contains the following stipulations: "If, upon starting the machine, it fails to work well, immediate written notice, stating wherein it fails, must be given to the agent from whom it was purchased, and to the Peerless Reaper Co., Canton, Ohio, or its nearest branch office, and a reasonable time allowed to

get it and remedy that defect, if there be any, the pur-
chaser rendering necessary and friendly assistance. If it
cannot then be made to do good work, it must be returned
to the place where received, free of charge, and the notes
and money will be refunded, or a new machine given in its
place, which, when done, shall be in full settlement of the
whole transaction." This order and warranty constitute
the contract between the parties. The defendant failed to
give any written notice of defects, and did not return, or
offer to return, the reaper to the company at Hillsborough.
He refused to give his notes therefor when demanded, as
stipulated in the contract.

This action is to recover damages for defendant's refusal
to give the notes as agreed, and was commenced before
either note would have become due, had the same been so
given. The action was brought before a justice of the peace,
and a trial thereof resulted in a verdict and judgment for
the defendant. The plaintiff appealed to the circuit court,
where the cause was tried on the return of the justice (no
affidavit having been filed under sec. 3768, R. S., to obtain
a trial, as in an action originally brought in the circuit
court), and the court reversed the judgment of the justice.
The defendant appeals from the judgment of reversal.[1]

---

[1] The defendant's amended answer is as follows: "The defendant in
answer to the complaint herein says: He admits that he gave an order
upon the plaintiff company for a reaper subject to certain warranties
indorsed upon such order, such reaper to be delivered to defendant at
H. if possible on or before July 1, 1889, and defendant says that said
plaintiff wholly failed to deliver such machine, but during the forepart
of said month of July notified defendant that they could not deliver such
reaper as ordered, but would furnish him a machine that would cut his
grain all right. That no bargain or written order was made in reference
to such substituted machine, but defendant said to the agent of the
plaintiff that he guessed it would be all right. That subsequently de-
fendant was notified that the machine was at railroad depot at U. C., and
defendant, without seeing said machine, sent his son, who brought the
same to defendant's premises. And defendant says the same was not
such a machine as was ordered, nor was it a new and perfect machine,

.For the appellant there was a brief by *Winsor & Winsor*, and oral argument by *F. Winsor.*   They contended that a judgment on the verdict of a jury should not be reversed on appeal unless entirely unsupported by the evidence. *Campbell v. Babbitts,* 53 Wis. 276; *Merrill v. Nightingale,* 39 id. 247.

*H. W. Barney,* for the respondent.

LYON, J.   There can be no doubt that it is no impediment to the bringing of this action, that neither of the notes

but was more or less weather-beaten and worn, was incomplete, and the outfit of sickles and tools was broken and useless.   That the defendant attempted to use the same and did, under the direction of the agent of the plaintiff, use it to some extent, but the same did not do good work and was not satisfactory to defendant, and he so notified the agents of said plaintiff, and that he did not want the same and would not keep it. That plaintiff's agents expressed the opinion that it might work better in other grain.   That the defendant then tried the machine in lighter grain, but it did not work well and was not a satisfactory substitute for the one ordered, and defendant repeatedly notified plaintiff's agents that he would not have said machine.   And defendant says said machine is not a new and perfect machine, is not such a machine as ordered, and that he never purchased nor agreed to take the same, except that, on the assurance of plaintiff's agent that he would send him a machine that would cut his grain all right, and in expectation that he would do so, he received the same subject to trial and further negotiations between the parties.   And defendant further states that the failure of the plaintiff to deliver to him a good and perfect machine as first stipulated, and his further failure to furnish any other machine that would cut his grain 'all right' or in a proper and economical manner, has been a loss and damage to him.   That the defendant relied upon the agreement which he had made with plaintiff, until his harvest was ripe, and then, upon the suggestion of the agents of the plaintiff, attempted to use the machine in different kinds and conditions of grain only to find the same a failure.   And defendant says he has been put to loss, expense, and damage by said imperfect and defective machine, and that he neither owes plaintiff for a machine such as ordered, nor for any substituted machine, or for the use of any such machine to cut his grain, because the same was too imperfect to be of any use, of all which matter he gave said plaintiff full notice before the commencement of this action."

agreed to be given for the price of the reaper would, had they been given, not have been due when the action was commenced; nor that the measure of damages, if the plaintiff is entitled to recover, is the amount for which the notes were to have been given. It is also clear that the contract requires the notes to be given upon the delivery of the reaper, and the obligation of the defendant to give them is not discharged or affected by the fact (if it be a fact), that the reaper failed to meet the requirements of the warranty. For breaches of the warranty, the defendant has other legal remedies, and must resort to them, or he is remediless. The answer of defendant is by no means a model of clear and concise pleading. But, giving it the most favorable construction in favor of defendant which it will possibly bear, it is to the effect (1) that the reaper delivered to defendant was not so delivered as a performance of the contract by plaintiff, but only for temporary use, until it could deliver the reaper contracted for; (2) that, if delivered in execution of the contract, the reaper failed to meet the requirements thereof in several material particulars; and (3) that the reaper was worthless. The answer contains no counterclaim by way of recoupment of damages for breaches of the warranty.

The testimony is overwhelming (indeed, is scarcely controverted) that the reaper was delivered to defendant under the contract, and in execution thereof, by the plaintiff. Such being the fact, the defendant can only relieve himself of the obligation to give the notes in one of two ways. He must show either (1) that the reaper did not comply with the warranty, and that because thereof he effectually rescinded the contract; or (2) that the reaper was worthless. The mere breach of the warranty, especially when no counterclaim is interposed by way of recoupment of the damages sustained thereby, is no defense to the action, either in whole or in part.

In order to rescind the contract it was necessary, by the terms thereof, for defendant to notify in writing the agent of plaintiff at Hillsborough, and the plaintiff at Canton, Ohio, or at its nearest branch office, of the defects in the reaper, and, if the same were not remedied by plaintiff, then to return the reaper at Hillsborough, where he received it. The defendant failed entirely to comply with any of these requirements. Hence there was no effectual rescission of the contract.

Was the reaper worthless? The only fault found with it is that it did not lay the bundles of grain properly, and more labor was required to bind them. It appears that defendant cut all his grain with it, using it for that purpose both before and after this action was commenced. In view of these facts, it is impossible to hold that the reaper was worthless.

We conclude, therefore, that the defendant has failed to establish any defense to the action, and the verdict and judgment in the justice's court should have been for the plaintiff for the agreed amount of the notes. This is doubtless the view taken of the case by the learned circuit judge.

The principles above enunciated are considered and established by this court in *Herman v. Gray, ante,* p. 182. They require no further discussion here. The only difference in the two cases is that in *Herman v. Gray* the action was upon the notes given pursuant to the contract there in question, while the cause of action herein is the refusal to give the notes called for by the contract. But those principles are common to both cases, and rule them both.

Our conclusion is that the circuit court properly reversed the judgment of the justice, and hence that the judgment of reversal must be affirmed.

*By the Court.*— Judgment affirmed.