WARDER, BUSHNELL & GLESSNER COMPANY, Appellant, vs. PISCHER, Respondent.

*April 11 — April 30, 1901.*

*Sales of chattels: Contracts: Rescission: Return of chattels: Parol modification: Instructions to jury: Prejudicial error: Agency: Warranty: Authority.*

1. In an action to recover the purchase price of a binder sold under a warranty, it appeared, without dispute, that the purchaser returned the machine to the vendor's agent under a claim of rescission of the contract on the ground that it failed to comply with the warranty, but whether such agent accepted the return without protest was in dispute. *Held,* that the question whether the return had been so accepted as to constitute a complete rescission of the contract was material and should have been submitted to the jury.

2. Where the defendant in such a case claimed a parol modification of the contract by plaintiff's agent, the submission to the jury of the question whether there had been such a modification, under instructions that if they found that a certain conversation, claimed to embody such parol modification, was had, and that it occurred by some clear space of time after the signing of the contract, then they should answer the question in the affirmative, is *held* prejudicial to plaintiff. The jury should have been instructed that the question for them to determine was whether the minds of the parties meet, and it was thereby mutually understood that the original contract should be changed in the particulars alleged.

3. Where plaintiff's agent, authorized to make sale of its machines, sold a binder to defendant, agreeing that he might try it, and if he was not satisfied return it, thereby varying the terms of the written order therefor, such change does not affect the warranty of the machine, and does not go beyond the agent's authority, there being nothing in the written order limiting his authority in that regard.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This action was commenced in justice's court. The complaint shows that on August 4, 1899, plaintiff sold the de-

fendant a binder upon a written order; the price to be $110, with six per cent. interest. A note for the amount was to be given on demand, after receipt of the machine, payable November 1, 1900. One of the conditions of the sale was that if, upon one day's trial, the machine did not work well, the defendant was to give plaintiff or its agent immediate notice, and allow time to send a person to put it in order. If it could not be made to work well, then defendant was to return it at once to the agent from whom he received it. The machine was delivered, and, after trying it one day, defendant notified the plaintiff's agent that it did not work well. Plaintiff sent an agent, and put the machine in order and made it work well. Thereafter plaintiff demanded notes for the purchase price, which defendant refused to give. The answer admitted giving the order, and the receipt of the machine, and alleged that it did not work well the first day, notice was given to the agent, and an attempt made to remedy the defects; that the machine did not work well, and was returned to plaintiff's agent. Upon the trial in circuit court, and after the evidence was all in, the defendant was permitted to amend his answer by setting out that, after the execution of the written order for the machine, the order was modified by parol to the effect that defendant was to be judge of whether the machine worked well, and, if it did not work to his satisfaction, it might be returned, and the written order would be of no force.

A special verdict was rendered as follows:

"*Q.* 1. Did the machine work well upon the first day's trial? *A.* Yes.

" *Q.* 2. After the plaintiff's agents went out on Monday afternoon to put the machine in order, was the machine made to work well? *A.* No.

" *Q.* 3. Did the defendant on Thursday, August 8th — the next day after plaintiff's agents were out to make the machine work well,— return the machine to Barton, plaintiff's agent, claiming to rescind the contract of sale because the

machine did not work well? *A.* (*By order of the court.*) Yes.

" *Q.* 4. Did Barton, plaintiff's agent, after the written order was signed for the machine, agree with defendant that defendant might take the machine home and try it, and, if he was not satisfied, bring it back, and it would not be a trade? *A.* Yes.

" *Q.* 5. Did the defendant, after such trial, bring the machine back, because he was dissatisfied with it, and claim to rescind the contract on that account? *A.* (*By direction of the court.*) Yes.

" *Q.* 6. In case the court decides that the plaintiff is entitled to recover, at what sum do you assess its damages? *A.* (*By direction of the court.*) $110.00."

With reference to the fourth question the court gave the following instructions:

" Mr. Barton at first testified as follows: ' *Q.* Mr. Barton, didn't you, after this contract was signed, and before the binder was loaded onto *Mr. Pischer's* wagon, didn't you say to him this: " Take this machine home and try it, and, if you are not satisfied, bring it back, and it is not a trade"? *A.* Yes, sir; he was to have one day's trial.' Mr. Barton, on being recalled in rebuttal, states that he is mistaken in saying that this occurred after the signing of the order. He now claims that the conversation on this subject took place before the order was signed. The defendant states that after the binder was loaded, and after he had signed the order, the following conversation occurred between him and Mr. Barton: ' Before I started I said to Mr. Barton: "I will take this machine home now, and, if this machine satisfies me, then it will be a bargain." "All right," he said: "if it don't work well and don't satisfy you, bring it back; yes." ' Now, if you find that such conversation actually occurred before the signing of the order, and not after, I will instruct you to answer this question, 'No.' Your answer should be in the negative unless you find that there was such a conversation " after" the signing of the order. If you find there was a conversation of the purport involved in the question which I have submitted, after the signing of the order, and separated from such signing by some clear space of time, then you may answer this question in the affirmative."

Plaintiff moved to strike out the answer to question 4 and for judgment. This motion was denied, and judgment was entered for defendant, from which this appeal is taken by plaintiff.

*L. M. Sturdevant*, for the appellant.

For the respondent there was a brief by *Marsh & Tucker*, and oral argument by *S. M. Marsh*.

BARDEEN, J. The result reached on the trial of this case shows a somewhat curious complication of affairs. The plaintiff bases its right to a recovery upon the claim that it sold the binder upon the conditions set out in the statement, and that after it had been tried, and notice given that it did not work well, an agent was sent, who put it in order and made it work in full compliance with the contract. Upon proof of these facts, and that defendant refused to pay for the machine, the plaintiff had a right to recover damages for refusal of defendant to give the note as agreed, unless it was to show that the machine did not comply with the warranty, and that the defendant had effectually rescinded the contract, or that the machine was worthless. *Peerless R. Co. v. Conway*, 79 Wis. 622. Such damages would ordinarily be the purchase price agreed to be paid. But the undisputed proof shows that the machine was returned to plaintiff under a claim of a rescission of the contract, and that it was taken possession of and tested by plaintiff's agents. Of course, if it was accepted by them without protest, this was a complete rescission of the contract, and plaintiff would have no right of action. The evidence is not entirely clear on the subject, and no issue was submitted to the jury that called upon them to determine the question. It was clearly in the case, and ought to have been determined. To further complicate the case, the court submitted to the jury the question of whether the machine "worked well" upon the first day's trial. This was not

claimed by the pleadings on either side, although the evidence amply sustains the finding of the jury that it did. So long as the plaintiff did not base its right of recovery upon that fact, we see no reason why it was submitted to the jury.

In answer to the fourth question, the jury found that, after the written order for the machine had been signed, plaintiff's agent agreed that defendant might take the machine home and try it, and if he was not satisfied he might bring it back, and it would be no trade. This was based upon a claim by defendant that, after the machine had been loaded and the order had been signed, he had a conversation with the agent substantially as detailed in the court's instructions. This was claimed by defendant to be a parol modification of the written agreement, and gave the defendant a right to return the machine if for any reason he was not satisfied with it, regardless of its working qualities. The finding of the jury is attacked as being against the weight of the evidence. This claim finds considerable support in the fact that no such claim was made on the trial in justice's court, and that the defendant then swore that he was standing on the original contract, and so notified the plaintiff's agents. The parol modification seems to have been an afterthought developed some time after the second trial had begun. It is contrary to all the reasonable probabilities in the case, and finds but scanty support in defendant's own testimony, when it is considered as a whole. The serious error in the case arises from the manner in which the question was submitted to the jury. As indicated in the statement, the court told the jury, after detailing the conversations between the agent and defendant, that if they found there was a conversation of the purport involved in the question submitted, and it occurred by some clear space of time after the signing of the order, then they should answer the question in the affirmative. The vice of this

instruction arises from the fact that the court bases the right to answer it upon a determination of the question of whether a given conversation occurred. The real question was whether the minds of the parties met, and it was mutually understood that the original contract should be changed in the particulars mentioned. That question was not submitted to the jury by the charge given, and hence constitutes prejudicial error. For all that appears in the case, this might have been mere loose talk of the agent relative to his understanding of the terms of the original contract. Solemn written contracts cannot be brushed aside by mere casual conversations. The minds of the parties must meet, and the terms of the new agreement be established with the same certainty that is required of other contracts, or it will not be recognized.

The plaintiff raises a further question as to the authority of the agent to alter or vary the terms of the written order. It is argued that the change claimed relates to the warranty of the machine, which the agent had no authority to alter. No notice of limitations upon the agent's authority was brought home to defendant. Within the rule stated in *Bannon v. C. Aultman & Co.* 80 Wis. 307, we hold that the agent did not go beyond his authority in the matter complained of. There is nothing in the written order limiting such authority. The alleged change did not affect the warranty of the machine. If made, it simply gave the defendant the right to say whether the machine suited him or not. It might have filled the warranty in every respect, and yet not have been satisfactory to defendant.

*By the Court.*— The judgment is reversed, and the cause is remanded for a new trial.