## EASTERN MANUFACTURING COMPANY v. M. C. BRENK.

### Decided April 1, 1903.

**1.—Contract in Name of Agent.**

An agreement cotemporary with a written order for goods that the purchaser might return same if not satisfactory held to be a contract by the seller, though signed in the individual name of a traveling agent making the sale.

**2.—Agent—Scope of Authority.**

It was within the apparent scope of the authority of an agent authorized to sell to stipulate in the contract that the property sold could be returned if unsatisfactory to the purchaser.

**3.—Same—Varying Printed Terms of Contract.**

A written contract by the agent of the seller that goods might be returned if not satisfactory prevailed over a printed provision in the cotemporaneous order given by the buyer that the same fully expressed the contract between the parties.

**4.—Agent Violating Instructions—Notice.**

An agent acting within the apparent scope of his authority binds his principal, though acting contrary to instruction given by him, where such fact was not known to the party dealing with him, whether the principal had notice or not of his act in excess of his authority.

Appeal from the County Court of Robertson. Tried below before Hon. Tom M. Taylor.

*Simmons & Crawford,* for appellant.

*J. Felton Lane* and *J. E. Bishop,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case. 61 S. W. Rep., 329. The former judgment was reversed because the trial court excluded the written contract pleaded by the defendant, which, by its terms, authorized him to return the jewelry for which the notes sued on were given, if the jewelry was not satisfactory. At the second trial the contract referred to was admitted in evidence, which is assigned as error.

We see no reason to change the ruling made on the former appeal. The instrument referred to was executed at the same time that the defendant signed the printed order for the goods. It is true that it was signed by J. W. Calloway, the plaintiff's traveling salesman; but it shows on its face, in connection with the testimony bearing on that subject, that it was executed for and on behalf of the plaintiff, and not as the individual obligation of Calloway.

We must rule against appellant on the contention that Calloway was without authority to make the contract referred to. Having authority to make a contract of sale, it was within the apparent scope of his agency to stipulate in the contract that if the property sold was unsatisfactory to the purchaser, it could be returned for credit.

As to the question of agency, and the authority of Calloway to make a contract varying the printed terms embodied in the order, we feel constrained to follow the case of Morrison v. Insurance Co., 69 Texas, 353, and other cases to the same effect by our Supreme Court. The case of Aultman & Co. v. York, 1 Texas Civ. App., 485, decided by this court, is not entirely analogous. The agreement relied on in that case to change the terms of the written contract was verbal, while the one relied on in this case was a contemporaneous written agreement. It is true that, in some respects, it conflicted with the printed terms embodied in the order given by Brenk for the jewelry; but it is a familiar rule in the construction of contracts that written terms will prevail over those that are printed.

If we are correct in the foregoing views, it is unimportant whether or not the plaintiff had notice of the existence of the written contract set up by the defendant. If the agent had the power to make the contract, it is binding upon the plaintiff, although the agent may have neglected to apprise the plaintiff of the existence of the contract, and may have acted contrary to instructions given him by the plaintiff,— it not being shown that the defendant had notice of the fact that the agent was acting in disregard of instructions given by his principal. Merriman v. Fulton, 29 Texas, 98; Railway Co. v. Hume, 87 Texas, 211; Clarkson v. Reinhartz, 70 S. W. Rep., 111.

All the questions presented in appellant's brief have been considered, and no reversible error being shown, the judgment is affirmed.

*Affirmed.*