## TOWNSEND, TOWNSEND & CO. v. SOUTH PLAINS MONUMENT CO. (No. 2221.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 5, 1923. Rehearing Denied Jan. 9, 1924.)

**1. Compromise and settlement ⬡⟹22—Answer held to allege settlement of note.**

In an action on a note, defendant's special answer *held* to show a compromise and settlement, rendering a general demurrer thereto ineffective.

**2. Compromise and settlement ⬡⟹6(2)—Dispute over amount due held to support agreement for settlement.**

Where a die, for which a note was given, was defective, but the seller was insisting on full payment, there was a dispute over the *amount due, constituting sufficient consideration* to support an agreement for settlement.

**3. Pleading ⬡⟹93(1)—Defendant may plead as many inconsistent defenses as he desires.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1902, allowing defendant to plead as many pertinent matters as he thinks necessary, he may plead as many inconsistent defenses as he desires.

**4. Trial ⬡⟹350(4)—Warranty issue mentioned by plaintiff but not pleaded by defendant properly not submitted to jury.**

In an action on a purchase-money note, when plaintiff's pleadings alone mentioned a breach of warranty, defendant having neither pleaded nor relied upon a breach of warranty, express or implied, the court properly did not submit the issue to the jury.

**5. Appeal and error ⬡⟹1050(2)—Admission of immaterial evidence in action on note held harmless error.**

In an action on a note given in payment of tombstones, the defense being a settlement, admission of defendant's testimony that plaintiff's agent told him that plaintiff got the monuments from Barre, Vt., and that the defective die was Barre granite, etc., being immaterial, was harmless error.

**6. Evidence ⬡⟹243(3)—Buyer not bound by letter of agent to seller written without his knowledge or consent.**

In an action on a note given for a shipment of tombstones and dies, the defense being a settlement with plaintiff's agent, the court did not err in excluding a letter written by the agent to show that he had not accepted defendant's check in full settlement, since defendants were not bound by what the agent wrote to his principal without their knowledge or consent.

**7. Principal and agent ⬡⟹116(1)—Principal's undisclosed instructions not binding on opposite party.**

Undisclosed instructions to an agent acting within the apparent scope of his employment do not bind the opposite party.

**8. Principal and agent ⬡⟹116(1)—Limitations on agent acting within apparent scope not binding on opposite party.**

Limitations on an agent in making a settlement are not binding on the opposite party, where the settlement is made within the apparent scope of his authority.

**9. Compromise and settlement ⬡⟹24—Whether claimed defects which caused alleged settlement existed, held properly submitted to jury.**

In an action on a note given for a shipment of tombstones, an alleged settlement having been made because one stone was claimed to be defective, an issue as to whether it was defective was properly submitted, since a negative answer would show there was no dispute to be settled.

**10. Appeal and error ⬡⟹930(3)—Presumed in support of judgment that court found issue for appellees in absence of request for submission.**

On appeal from a judgment on a note, it will be presumed in support of the judgment that the trial court found in favor of appellees on an issue of estoppel, in the absence of request for submission to jury.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by Townsend, Townsend & Co. against the South Plains Monument Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Oxford & Oxford and M. J. Baird, all of Plainview, for appellant.

A. C. Hatchell, of Plainview, for appellee.

HALL, C. J. The appellants, a firm of New York City, sued the appellees, a firm doing business in Hale county, to recover upon a promissory note dated January 29, 1921, in the sum of $1,845, with 8 per cent. interest from date, and the usual provision for 10 per cent. attorney's fees, alleging that said note was executed by T. O. Collier, a member of the defendant firm. The appellees, defendants in the court below, answered by general demurrer and general denial. By way of special answer they further alleged that on August 17, 1920, they ordered from the plaintiffs a number of monuments and tombstones of the aggregate value of $1,845, for which they executed the note sued upon; that upon arrival of the shipment at Plainview there was detected in one of the dies of said shipment an inherent and fatal defect, which rendered it worthless; that they immediately notified plaintiffs of that fact; that at the special instance and request of plaintiffs, and under a promise that an adjuster would be

sent to Plainview with full authority to adjust and settle their claim, the defendants permitted said note to pass maturity without prompt payment; that the plaintiffs sent their authorized agent, E. M. Cox, to Plainview, on or about the 5th day of October, 1921, to settle and adjust the difference occasioned by such defective die; that said Cox, acting for plaintiff, and within the apparent scope of his authority as their agent and representative, did agree and have a final settlement with defendants, satisfactorily adjusting all differences; that it was agreed and understood that defendants were to give to the plaintiffs their check for the sum of $1,845; that plaintiffs were to deliver to defendants the said promissory note, and were to ship, without charge, to defendants a duplicate of the defective die, delivering the same at their place of business in Plainview, Tex.; that in pursuance of such settlement, and for and in consideration of the adjustment of their differences, the defendants did execute and deliver to the said Cox their certain check for $1,845, which was accepted by Cox as the agent and representative of the plaintiffs, and which was remitted to the plaintiffs; that plaintiffs accepted said check in full settlement of said account, and now hold the same; that said check was in all respects a valid obligation, and would have been honored had it been presented at the bank upon which it was drawn; that the said Cox, acting within the scope of his authority for the said plaintiffs, placed said order for said die, and agreed and bound the plaintiffs to send to the defendants immediately, with all charges prepaid, a die in lieu of said defective one, and agreed to have said note immediately sent to these defendants; that the purchase price of said die was $325, and the freight charges upon a duplicate would have been $50; that plaintiffs, in violation of the terms of their settlement, have failed and refused to send defendants said note and said die; defendants have at all times been ready, willing, and able to comply with the terms of their settlement, and to accept said die, and are still willing to do so, provided plaintiffs are willing to comply with their part of the agreement, and will tender said die and surrender said note; that they have utterly failed to comply with their agreement, and defendants offer to pay said $1,845, less the $375 value of said die and freight, as they have heretofore been willing to do, and here now tender their check in payment, upon condition that said die is delivered, and if they refuse, then defendants tender the said $1,470 as they have heretofore tendered, that being the whole amount of the indebtedness, if said die is not delivered as agreed; that by reason of these facts alleged said note was fully paid, discharged, and should have been surrendered to these defendants, wherefore they say they are not liable for attorney's fees. The

prayer is that the note be canceled, that said check be cashed, less the $375; that if said check has been destroyed then that plaintiffs be forced and compelled to accept the $1,470 tendered, and that defendants be discharged with their costs. The plaintiffs filed a first supplemental petition, containing a general and three special exceptions, a general denial and special matters by way of replication, in substance as follows: They pleaded that defendants are estopped from claiming that the die was defective, for the reason that defendants thoroughly examined and inspected the goods before they were purchased, and that they were not bought either upon express or implied warranty. It is further alleged that the defendants are estopped, beause the order upon which said goods was shipped provided that "all claims for unsoundness or error in measurement must be made within 10 days from receipt of the goods"; that the goods were received at Plainview about October 4, 1920, and no complaint was made by defendants until January 5, 1921. It is further pleaded that defendants are estopped by reason of the fact that on January 29, 1921, the defendants asked for an extension of time, and obtained from plaintiff the privilege of renewing their note, and that such renewal was almost due before defendants made any complaint with reference to defects in the goods purchased. They deny that they had accepted the settlement with the defendants made through their agent, and allege that the check tendered to them by the defendants was merely a tender of settlement, was less than the amount due them at the time, and was not accepted, but was refused, and never collected, which check they tender to defendants in the pleading. The issues were submitted to a jury, and resulted in the following findings: No. 1. That there was a settlement and adjustment of all differences between the plaintiff and defendant on October 5, 1921, made by T. O. Collier and E. M. Cox. No. 2. That defendants had no notice that E. M. Cox did not have authority to make a full and final settlement. No. 3. That at the time of the settlement Cox was acting for the plaintiff as their agent, within the apparent scope of his authority. No. 4. The stone in question was defective when purchased by the defendant from the plaintiff.

Based upon this verdict, the court rendered a judgment that the defendant recover all costs of plaintiff, and decreed the cancellation of the note; that the plaintiff take nothing by the suit, except the sum of $1,470, being the amount tendered by defendants and deposited with the clerk of the court, which sum the judgment decrees is to be held by the clerk subject to the order of the plaintiffs.

[1, 2] The appellees' answer was not subject to the general demurrer. The facts alleged showed a compromise in settlement of the matters in dispute, and that appellees

have complied with the terms of the settlement agreement. There is evidence sustaining the allegations. Because the die was defective and appellants were insisting upon full payment, there was a dispute as to the amount due, which is a sufficient consideration to support the agreement for settlement. 1 R. C. L. 179, § 4; Powers v. Harris, 42 Tex. Civ. App. 250, 94 S. W. 136; Little v. Allen, 56 Tex. 133.

Appellees did not attempt to plead partial failure of consideration; that issue is not in the case.

It was shown that Cox, the agent, accepted appellees' check in full payment of the note and amount due, and that the bank upon which the check was drawn was ready to pay it at any time upon presentation. As said by this court in Bergman Produce Co. v. Brown, 172 S. W. 558 (7):

"In this case, when the appellant accepted the check in full payment of the account, it understood, or should have understood, that there was a controversy, and that if accepted, such check, under the stipulation, appellant thereby abated its claim against appellee for the balance claimed to be due on the account. If that was not a full payment, it then knew the fact and should have refused to accept the check on the conditions named, and returned it to appellee. We do not think it could then hold the check and speculate on the chances of securing a full recovery."

[3] The court did not err in overruling the appellants' third special exception, because, under Vernon's Ann. Civ. St. Supp. 1918, art. 1902, the defendant may plead as many inconsistent defenses as he desires.

[4] Appellee did not plead a breach of warranty, either expressed or implied, and did not rely upon a breach as a defense. The appellants' pleadings alone mention that matter. The court very properly did not submit the issue to the jury.

[5] Error is assigned upon the action of the court in permitting Collier to testify that Cox told him at one time that the appellants "got their monuments from Barre, Vt., and that the defective die was Barre granite, and that is where it came from." It does not appear that this testimony was material or that its admission injured appellants in any way; if error, we think it is harmless.

[6-8] It is also insisted that the court erred in excluding a letter written by Cox to the appellants, and also in excluding the evidence of the witness Hannold. The purpose of this evidence was to show that Cox had not accepted the check in settlement of the note and the claim, and the testimony of Hannold was to the effect that Cox did not have authority to make the settlement, but that his duties were limited to that of salesman only. It was not shown that Collier or any of the appellees had any knowledge of the contents of the letter, and clearly they would not be bound by what an agent wrote to his principal without their knowledge or consent. The issue in this case with reference to the agency of Cox was not that of actual authority, but the appellants were bound by acts done within his apparent authority. It has shown that appellants had sent him to Plainview for the express purpose of adjusting the dispute, and appellees had no knowledge of any limitation upon his authority to complete the adjustment. Undisclosed instructions to an agent do not bind the opposite party, and limitations put upon an agent by the principal in making a settlement are not binding upon the opposite party, where the settlement is made within the apparent scope of his authority. Eastern Mfg. Co. v. Brenk, 32 Tex. Civ. App. 97, 73 S. W. 538; Merriman v. Fulton, 29 Tex. 98.

[9, 10] The only objection to the court's charge is that there was error in submitting issue No. 4, asking whether the stone in question was defective when it was purchased by the defendant from plaintiff. This issue was raised by the pleadings. Unless the stone was defective, the appellees owe the full amount of the note, and there was no dispute to be settled. We think this issue was properly submitted. While the jury's answer is to the effect that the stone was defective when purchased, the evidence, without contradiction, shows that the appellees knew nothing of the defect until long after they received it at Plainview. Appellants did not request the court to submit any issues with reference to estoppel, and we must presume in support of the judgment that the court found in appellees' favor in that regard.

We find no reversible error, and the judgment is affirmed.