**BOOZER et ux. v. SMITH et al.**
**No. 3560.**

Court of Civil Appeals of Texas. Amarillo.
March 11, 1931.

Rehearing Denied April 1, 1931.

Levens, McWhorter & Howard, of Lubbock, for appellants.

Bean & Klett, of Lubbock, for appellees.

RANDOLPH, J.

This suit was brought by Mrs. Josie A. Smith and Ruth Smith as sole heirs of E. O. Smith, deceased, against J. F. Boozer and wife, Susie Boozer, L. F. Free, and W. C. Carroll, defendants.

Plaintiffs allege in their petition that E. O. Smith sold merchandise and building materials to J. F. Boozer as set forth in a verified itemized account, amounting to $2,324.95, after allowing credits for all returns. It was also alleged that the building materials were used by Boozer in the erection of a house on a certain lot in the town of Lubbock for the owner of the lot, defendant Carroll; that J. F. Boozer was the contractor, and that Carroll executed a lien on said lot to secure a note for $3,500 and executed the note for that amount payable to said Boozer; that Boozer was not in a position to furnish the labor and materials, and that, in order to obtain the materials and funds for paying the carpenters and other workmen, J. F. Boozer transferred and delivered the note to E. O. Smith, and that Smith furnished the building materials, etc., for the erection of said house.

Plaintiffs also allege that defendant Carroll had executed to Charles F. O'Neall a vendor's lien note in the sum of $100 as part of the purchase price of said lot; that thereafter Carroll and wife conveyed said lot to defendant Free, who assumed the payment of the $100 note and also the $3,500 mechan-

ic's lien note; that Free and his wife conveyed said lot to defendant J. F. Boozer, subject to the indebtedness against same, meaning the $3,500. That plaintiff was compelled to pay and did pay to the owner of same the $100 vendor's lien note, and thereby became subrogated to the rights and privileges of the owner of said note.

Plaintiffs pray for judgment against all of the defendants except Mrs. Boozer, for the amount owing on the account and on the $100 note, with interest and attorneys' fees and for foreclosure of the vendor's lien and constitutional mechanic's and materialman's lien on said lot.

The defendants Carroll and Free defaulted, but defendants Boozer and wife answered by general demurrer, general denial, and sworn denial as to the account in part, setting out specifically certain items and also denying under oath the transfer and indorsement of the $3,500 note from Boozer to E. O. Smith. The Boozers also pleaded under oath the payment of said account and that the premises were their homestead.

The trial court submitted the case to the jury upon two special issues, as follows:

"1. Was the Carroll note dated July 21, 1928. in the sum of $3500.00. delivered to E. O. Smith as security for material used and for labor done on the Carroll job?"

"2. What was the value of the material and labor furnished by E. O. Smith on the Carroll job?"

The first question was answered by the jury in the affirmative, and the second was answered $1,700.

Upon this verdict the trial court rendered judgment in favor of the plaintiffs that they recover of and from the defendant L. F. Free the sum of $128.99, with interest from date of judgment on the $100 vendor's lien note, and that, as to the defendants Free and Boozer and wife, said indebtedness be decreed a vendor's lien against the lot in controversy. It was further ordered, adjudged, and decreed by the court that the plaintiffs recover of the defendants W. C. Carroll, L. F. Free, and J. F. Boozer, the further sum of $1,700, with interest thereon from date of judgment. Further, the court decreed as against all of the defendants, first, the foreclosure of the vendor's lien securing the payment of the first named sum of $100; and second, a foreclosure of the constitutional mechanic's lien, materialman's lien, and contract lien as they existed on the 21st day of July, 1928, and at all times since said date, that order of sale issue, and also providing for execution for any balance remaining after sale under foreclosure proceedings against Carroll, Free, and J. F. Boozer only. From this Boozer and wife have appealed.

The plea of homestead can be of no avail to the defendants Boozer. If they owed the debt, it was contracted by Carroll, a single man, who had and could have no homestead claim, for labor and material entering into the erection of the house. Carroll sold the premises to Free, who assumed the payment of the sums owing on the property. It was then sold by Free and wife to J. F. Boozer, who took the lot subject to the debts against it. Therefore, if the defendants Boozer were liable for the debts secured by the two liens, such liability accrued upon debts that existed both as purchase money and mechanic's liens prior to their purchase of same, and such debts were not subject to the claim of homestead.

The defendants' objection to the introduction in evidence of the verified account sued on for the reason that they had filed the affidavit required under article 3736, R. C. S., and such account was not admissible in evidence, cannot be sustained. The article referred to provides that such account shall be prima facie evidence where not denied in whole or in part by a counter affidavit. The effect of the plea of the counter affidavit is only to destroy the force and effect of the verified account as prima facie proof, but does not affect its admissibility.

"If the account for the refrigerator had not been verified by affidavit, it could have been presented to the jury, and no reason can be given to sustain the proposition that its verification rendered it incompetent evidence. It may be that it would not be such an account as, when verified, would, under the provisions of article 2323, Rev. St. 1895, make it prima facie evidence of its verity, still its verification would not render it inadmissible in evidence." Standifer v. Bond Hardware Co. (Tex. Civ. App.) 94 S. W. 144, 145. See, also, 1 Tex. Jur. 350, 351, § 54.

The defendants quote from 1 Tex. Jur., above noted, as follows: "In view of this provision (meaning the statute) a denial under oath of the justness of an account destroys its effect as proof." This quotation is inaccurate, as the full wording thereof is "prima facie proof."

There being many facts and circumstances in the evidence for the consideration of the jury in connection with the account upon which they could determine the amount due and owing by the defendants, the fact that the account was admitted in evidence cannot be used by the defendants to sustain their contention that the verdict and judgment was rendered upon an unverified account, to the admissibility of which they had excepted.

The defendant J. F. Boozer was the contractor in the building of the house for the defendant Carroll, and Carroll executed a note for $3,500, payable to J. F. Boozer, and also executed a mechanic's and building lien securing the payment of same. Boozer ad-

mits that he carried these papers to E. O. Smith, while he claims that this was done for safe-keeping. And he also testifies that he had five or six jobs out of the Smith yard at one time; that he would pay for the material in those different jobs as he got the money from the loan company. That if the bill of lumber ran $1,100, and the loan was for $2,000, he would turn the whole amount over to Smith who would credit that particular job with the $1,100 and apply the balance on other jobs that he had under construction.

This is a tacit admission that E. O. Smith furnished the material that went into the Carroll building. When the mechanic's lien was sent to be filed, Smith sent it. It is also apparent that the evidence discloses beyond question that the material of which the Carroll house was constructed came from the E. O. Smith lumber yard.

■ ■ The question as to whether or not the account was correct was a matter not within the province of this court to thresh out, but was one submitted to the jury. E. O. Smith, who furnished the material, and who should have been able to explain the items entering into the account, was dead at the time of the trial of the case; hence, the correctness of the account must have been established by the various circumstances in evidence. Where there is any evidence to support a jury's finding, this court cannot disturb their verdict. It is true that the evidence is conflicting and it is also true that the defendant Boozer denied that he owed any part of it, but that was for the jury.

The plaintiffs' petition seeks a recovery of the sum of $2,324.95, plus 10 per cent. interest due and owing on said account. The account offered in evidence was for the sum total of a like amount. The defendant Boozer's answer, while denying that he owed the account, also sets out various items which he claims are unjust, amounting approximately to $620. Taking these items from the aggregate amount shown by the account leaves a balance of approximately $1,700 due and owing on the account. The jury found that the value of the material and labor furnished by E. O. Smith lumber yard and used on the Carroll job was the sum of $1,700. Presuming therefore that the jury found for the defendant Boozer on the contested items especially pleaded, then as to the balance of the account it is purely a matter for them to determine from the conflicting evidence before them whether Boozer had ever paid it or not.

We have carefully gone over the statement of facts and all propositions of error, and, finding no reversible error, we affirm the judgment of the trial court.