## PARDUE v. NATIONAL MUT. ACC. INS. CO.

No. 3932.

Court of Civil Appeals of Texas. Amarillo.

Dec. 14, 1932.

Rehearing Denied Jan. 4, 1933.

Smith & Smith, of Anson, for appellant.

Thomas & Thomas, of Anson, and Simmons & Arnold, of Houston, for appellee.

HALL, C. J.

The appellant, Pardue, filed this suit to recover upon an insurance policy issued to him by appellee.

The policy provided for weekly sick benefits in the sum of $50, but not to exceed fifty-two weeks, and contained a further provision for the payment of hospital expenses to the extent of $150. The appellant, who is a physician, alleged that on the 2d day of July, 1930, he became totally disabled, on account of sinus trouble, from further engaging in the practice of his profession, and as a result of his disease had been continuously disabled since said date. He sued for compensation for a period of fifty-two weeks.

The policy provided that "affirmative proof of loss must be furnished to the Association at its said office within ninety days after the termination of the period for which the Association is liable," and further provided that compliance with such provision is a condition precedent to recovery. There is a further stipulation that, if any limitation relative to notice and proofs of loss is less than that permitted by law, then such limitation is extended to the minimum period permitted by law. The policy also contains a provision that the association, upon the receipt of written notice of sickness of the assured within ten days after the commencement of disability from such sickness, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss, and that, if such forms are not furnished within fifteen days after receipt of such notice, the claimant shall be deemed to have complied with the requirements of the policy as to proof of loss.

The appellant's pleadings sufficiently alleged the giving of the notices required by the policy, but made no specific allegation with reference to furnishing proofs of loss. It is alleged that: "Since taking out said insurance plaintiff has in all respects carried out and performed all of its stipulations and obligations and has fully complied with all of its requirements in every respect, but that the defendant has failed and refused to carry out and perform any of the stipulations and agreements contained in said policy."

In view of the well-established rule in this state which requires the plaintiff, suing upon an insurance policy which makes the furnishing of proofs of loss a condition precedent to the right to recover, to not only plead that proofs of loss were furnished in accordance with the terms of the policy, but also to prove that fact or facts showing that the insurer has waived proofs of loss, we doubt the sufficiency of the above general allegation to admit evidence tending to show that proofs of loss had ever been furnished.

In Federal Surety Co. v. Smith, 41 S.W.(2d) 210, the Supreme Court said that it was a well-recognized rule that an insurance company had the right to stipulate that proofs of loss be furnished within a reasonable time and upon reasonable terms and to provide certain conditions to enforce the compliance with such provisions; that there was nothing illegal in such a contract, and, if proofs had not been furnished in accordance with its terms, it was the duty of the insured, if he desired to avoid the provisions of the policy, to show either substantial compliance therewith or a waiver. The court further held that the law places the burden of proving all the essential elements of a waiver on the plaintiff.

The failure of the plaintiff to allege specifically that proofs of loss had been furnished in accordance with the terms of the policy is not a fatal defect, because the appellee alleged that the proofs of loss had not been furnished as required by the policy, and it is settled that defects and omissions in the pleadings of one party may be corrrected or supplied by allegations in the pleadings of the other. Business Men's Assurance Association v. Read (Tex. Civ. App.) 48 S.W.(2d) 678; Ormsby v. Ratcliffe (Tex. Com. App.) 36 S.W.(2d) 1005; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781.

The appellant filed no supplemental petition nor other pleading in which he attempted to show a waiver of the proof of loss requirements. There are no allegations in appellee's answer which supply this omission. This is a fatal defect and the appellee's general demurrer to the petition should have been sustained.

Federal Surety Company v. Smith, supra, and authorities therein cited, hold that the burden is upon plaintiff to plead and prove a waiver of such clause. The court overruled the exceptions urged to the petition, and, acting upon such ruling, the plaintiff did not amend. If the demurrers had been sustained, it is a reasonable presumption that plaintiff would have cured the defects, and, since he has been deprived of that right, exact justice requires that the judgment should be reversed and the cause remanded to give him an opportunity to perfect his pleading.

There is a conflict of evidence upon the issue of furnishing proofs of loss which appellant calls his claim, and the issue is also raised as to the sufficiency of the proofs furnished and the dates when they were received. This being the state of the record, the court erred in directing a verdict for the appellee.

For the reasons stated, the judgment is reversed, and the cause is remanded.