## SWISHER–ORRISON CO. v. W. E. ROGERS & SON.
### No. 1096.

Court of Civil Appeals of Texas. Eastland.
March 16, 1934.

Church, Read & Bane, of Dallas, Cunning-ham & Oliver and Amo Fitzpatrick, all of Abilene, for plaintiff in error.

Frank E. Smith, of Abilene, for defendants in error.

LESLIE, Justice.

The Swisher-Orrison Company, a corporation, brought this suit against W. E. Rogers & Son, a partnership, to recover $232.60, balance due on an open account for merchandise sold them. The account was itemized and verified. The defendants answered by general demurrer, general denial, and cross-action. In the answer it was specially alleged: (1) That the plaintiff, through its duly authorized agent, assured defendants that if said cigars were not salable or merchantable in defendants' territory, that plaintiff would take the cigars back and refund to defendants any money which they might be out on the purchase price of the cigars, as well as expenses incurred by defendants in taking on this new line of cigars; (2) that plaintiff warranted the cigars would correspond with samples exhibited, and that each shipment would correspond in quality with the first one made; (3) that plaintiff represented to defendants that the goods were merchantable and that there was a demand for them in the defendants' territory; and that sales assistance would be rendered the defendants if they would order the cigars. It was further alleged that such promises, representations, and warranties were fraudulently made to induce defendants to act thereon, and that the defendants, believing the same, ordered certain shipments of said cigars which they were unable to market. That the promises and representations were false, and the warranties breached and unfulfilled by the plaintiff.

Upon these issues a trial was had before the court and jury and upon the answers of the jury to special issues, judgment was rendered that the plaintiff take nothing by the suit, and that the defendants recover from the plaintiff the sum of $49.67, expenses and losses incurred in undertaking to handle the cigars. From this judgment, the plaintiff prosecutes error to this court.

There are many assignments of error in the brief of the plaintiff in error, and a still greater number of propositions based thereon. The case has been well briefed by the attorneys for the respective litigants, and it will be unnecessary to discuss each assignment separately since they fall into groups addressed to single contentions arising on the trial, and recurring in the progress of the same, as the identical point is covered by the testimony of a different witness, or a new ruling of the court.

Based upon the orders, there were three shipments of the cigars, and the third shipment valued at $232.60 is the one here in suit. The others appear to have been paid for. The account sued on is itemized and verified under article 3736, R. S. 1925, as amended by Acts 1931, c. 239, § 1 (Vernon's Ann. Civ. St. art. 3736). The answer is not

verified, and, therefore, does not challenge under said article, or subdivision 11 of article 2010, R. S. 1925, the correctness of any item of the account. Among other answers to the alleged indebtedness, the defendants pleaded that the merchandise shown in the verified account and involved in this suit had been returned to the plaintiff under instructions of the plaintiff's duly authorized agent, and that by reason of such return the indebtedness had been discharged.

Under the facts alleged no counteraffidavit was required of the defendants in order to enable them to present the defense urged. American Druggists' Synd. v. Holt Drug Co. (Tex. Civ. App.) 272 S. W. 508; Queen City Motor Co. v. Texas Auto Supply Co. (Tex. Civ. App.) 241 S. W. 212; Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707; 1 Tex. Jur. § 61, pp. 357, 358.

While a verified account is prima facie proof of its correctness, etc., it does not preclude the defendant from denying liability therefor, and that, too, in the absence of a counteraffidavit. Under appropriate pleadings a defendant may show that the account has been paid in whole or in part, or may assert a counterclaim. Such is the holding of the above authorities, and the numerous cases cited therein.

Many of the plaintiff in error's contentions are grounded on the proposition that J. B. Ables, the agent of the plaintiff, had no authority to represent his principal in making the foregoing representations and warranties, and to authorize and direct the defendants to return the cigars if they were unable to sell them. The testimony shows that the plaintiff was endeavoring to introduce a new and unadvertised line of cigars to the smoking public. To accomplish that purpose the plaintiff appointed said Ables exclusive sales agent in three states, including the state of Texas. It was his duty and undertaking to sell the plaintiff's cigars in said territory, and to attract to said product those who consumed such. In a sense, building up a patronage for these new and untested cigars involved the drawing away of patronage from other and well-established brands. Under these circumstances the plaintiff, through said agent Ables, appointed the defendants as sole distributors of said goods over a scope of territory including and surrounding Abilene. From the testimony it appears that the cigars did not appeal to the smoking public, and could not be profitably handled by the distributors. The last shipment was therefore returned under the directions of said agent to the plaintiff. At least, such is the contention of the defendants in error.

To summarize the defendants' contentions, the alleged agreement was to the effect that if the cigars proved unmerchantable and were without demand on the part of the smoking public, the same could be returned to the plaintiff and would be by it received, and the plaintiff would credit defendants for same, and would reimburse them for such expenses or losses as they had incurred in undertaking to handle these cigars.

■ The record discloses no express authority to said agent to thus direct the return of the cigars in such an event, but the testimony in general, and the nature of the employment, show conclusively that he had implied authority as the general sales agent of the plaintiff to do so. That being the case, the defendants were within their rights in returning the cigars in accordance with the contract made, and in that manner satisfying the alleged obligation for the cigars. Eastern Mfg. Co. v. Brenk, 32 Tex. Civ. App. 97, 73 S. W. 538; Clayton v. Western Nat'l Wall Paper Co. (Tex. Civ. App.) 146 S. W. 695; Townsend, Townsend & Co. v. South Plains Monument Co. (Tex. Civ. App.) 257 S. W. 648; Goddard v. Lexington Motor Co., 63 Utah, 161, 223 P. 340; Roberts-Atkinson Co. v. International Harvester Co., 191 N. C. 291, 131 S. E. 757 (5); Oster v. Mickley, 35 Minn. 245, 28 N. W. 710; Deering v. Thom, 29 Minn. 120, 12 N. W. 350; Warder, Bushnell & Glessner Co. v. Pischer, 110 Wis. 363, 85 N. W. 968; 2 Tex. Jur., § 52, p. 446, 2 C. J., § 651, p. 920, § 233, pp. 597–599.

■ As we interpret the record, it conclusively shows that Ables had authority to authorize the return of the cigars under the circumstances, but, if there be any doubt as to this, the necessary effect of the jury's findings in response to the issues establishes that fact and warrants our conclusion. The proposition to return if not salable related to the contract of sale which the agent had a right to make. In Merriman v. Fulton, 29 Tex. 97, 98, it is held to be well established that the principal is bound by the acts of his agent, done within the scope of his apparent authority, in dealing with innocent third persons, although such act may be in direct violation of his private instructions. This would seem to be an elementary proposition.

No objections were urged to any of the issues as being or containing general charges on the law of the case, and the objections urged are without merit. We do not have before us the question of contradicting or

varying the terms of a written instrument by parol testimony. The suit was simply one upon a verified open account.

 No issue of estoppel or negligence on the part of the defendants in unduly retaining the cigars was submitted by the court, or requested by the litigants. Hence, no such point is in the case. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

Many assignments raise the question of no evidence to warrant the submission of the respective issues. Such contention, however, was amply covered by assignments and propositions directed to the action of the trial court in refusing plaintiff's motion for a peremptory instruction. However, these questions have been considered from both viewpoints.

With the general and exclusive authority in Ables to represent the plaintiff in selling the cigars in Texas and two other states, and with the implied authority in him to make for his principal the agreement or contract alleged and the jury's finding that he, at the time of the sale, "guaranteed" that if the defendants found the cigars unmerchantable, that the plaintiff would take them up and credit the same on their account and refund the defendants any money or expenses they had incurred in taking on said line, we are of the opinion that such facts, taken in connection with the others found by the jury, entitle the defendants to the judgment rendered.

We have considered each of the contentions made by the plaintiff in error, and are of the opinion that the law requires that they be overruled. For the reasons assigned, the judgment of the trial court is affirmed.