## BUTTERICK PUB. CO. v. JONES.

### No. 4412.

Court of Civil Appeals of Texas. Amarillo.
May 6, 1935.

G. V. Pardue, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellee.

HALL, Chief Justice.

The appellant company sued E. H. Jones, doing business as Jones Hardware Company, to recover upon a verified account for goods sold. The case has been before this court[1] once before, and was reversed because of the errors of the court in not sustaining plaintiff's objections to the defendant's answer, and in refusing to sustain objections to evidence offered by the defendant. The case was tried again, resulting in a judgment that appellant take nothing; hence this appeal.

The itemized account is made an exhibit to the petition. The affidavit to the account is insufficient in this: The account is sworn to by Fred Lewis, who says he is the treasurer of the appellant. It complies with the requirements of article 3736, R. S., except in the latter part of the affidavit he says: "No part of which has been paid or satisfied, and that there are no set-offs or counter-claims thereto to the knowledge or belief of deponent." The statute requires that the affidavit shall state that the account is, within the knowledge of affiant, just and true, that it is due and that all just and lawful offsets, payments, and credits have been allowed. It is uniformly held that such an affidavit will not support a judgment against defendant, and if the case is tried and its sufficiency is prop-

---

[1] Opinion not for publication.

erly challenged, the courts will sustain the objection. Becker, Smith & Page v. Wm. Cameron & Co. (Tex. Civ. App.) 22 S.W. (2d) 951; Scudder v. Burrus Mill & Elevator Co. (Tex. Civ. App.) 285 S. W. 681; Oil Well Supply Co. v. Texanna Production Co. (Tex. Civ. App.) 265 S. W. 203; 1 Tex. Jur. 385, Sec. 62.

Since the case was reversed the appellee Jones has amended his answer. In accordance with the provisions of article 3736, the answer alleges that the account is not just or true in part, and states the items and particulars in which it is unjust, and further alleges that the appellee returned goods to the appellant to the value of $272.-65, which goods appellant accepted but has failed and refused to give appellee credit for same. It is further alleged that the goods were sold under a written contract, by the terms of which the defendant, appellee here, was to represent appellant in the sale of its patterns. That the contract provided that it could be terminated after the expiration of one year from date, at which time all stock on hand could be shipped to appellant, for which appellee would be credited. He further alleges that at the time, and as provided in the contract, he terminated the contract and reshipped the goods to the amount of $272.65, for which amount plaintiff failed to give him credit.

■ After Jones had filed his answer challenging the correctness of four items charged on the account, the appellant's attorney admitted that said items were not correct and true. Appellee's attorney then objected to the introduction of the account for any purpose because four of the items charged were not just and true, which objection was sustained by the court and the account excluded. This was error. It would be a peculiar doctrine that would deny the plaintiff the right to recover the balance due on his account in the event he should admit that any of the items were erroneous. The account was still admissible in evidence as to all of the items not challenged by the answer. Oil Well Supply Co. v. Texanna Production Co., supra; Boozer v. Smith (Tex. Civ. App.) 36 S.W. (2d) 1064.

■■ The court, upon objection, excluded depositions of officers and agents of the appellant company by which it sought to establish the correctness of its account. This was also error, but under the record is harmless since the rule is that where a part only of the items of an account is denied by the defendant, the failure to deny the other items under oath is tantamount to an admission that they are just and correct. Knowles v. Gary & Burns Co. (Tex. Civ. App.) 141 S. W. 189; Oil Well Supply Co. v. Texanna Production Co., supra; 1 Tex. Jur. 356, § 60.

■ We are asked to reverse the judgment and render it because the record on the former appeal and on this appeal shows that appellant would not, under any conditions, be permitted to recover a judgment in that court. The judgment will have to be reversed for the errors mentioned, but we would not be warranted in rendering it without giving the appellee an opportunity to at least attempt to prove that part of his answer alleging a settlement by a return of the goods. No account or affidavit was necessary in order to permit him to prove that the goods had been returned, if such is the fact. Swisher-Orrison Co. v. W. E. Rogers & Son (Tex. Civ. App.) 69 S.W. (2d) 515.

Reversed and remanded.