## BURDITT v. MOTOR SUPPLY CO.
### No. 1778.

Court of Civil Appeals of Texas. Waco.
Nov. 12, 1936.

Rehearing Denied Dec. 10, 1936.

J. T. Spencer and Lem Wray, both of Waxahachie, for appellant.

Felix Atwood, of Ennis, for appellee.

ALEXANDER, Justice.

On July 21, 1934, Motor Supply Company, a corporation, sold to L. A. Burditt a truck and received in part payment therefor a promissory note in the sum of $774.40, payable in monthly installments of $77.40 each; the first installment being due and payable on August 21, 1934. Said note was secured by chattel mortgage on the truck, which authorized the holder to declare the whole debt due and to remove and sell the truck in the event said truck should be removed from Ellis county without the written consent of the mortgagee, or in the event default should be made in the payment of any of the monthly installments, and in certain other contingencies. Burditt failed to pay the installment due August 21, 1934, and as a result the Motor Supply Company, on August 22, 1934, declared the entire indebtedness due, and on August 31, 1934, filed this suit to recover on said note and to foreclose its lien on said truck. Ancillary to the suit, the plaintiff sued out a writ of sequestration and caused said truck to be seized and taken from the possession of the defendant. The defendant, in answer to plaintiff's petition and by way of cross-action, alleged that the truck was defective and failed to perform as represented, thereby causing the defendant considerable loss of time from his work; that on account thereof plaintiff had agreed to grant him an extension of time in which to pay the monthly installment maturing in · August, 1934, and that as a consequence the debt sued on was not due and could not legally be declared due at the time the suit was filed. The defendant sought to recover damages on his cross-action for the illegal suing out of said writ of sequestration. At the conclusion of the evidence, the court gave an instructed verdict for the plaintiff for its debt, with foreclosure of its lien, and denied the defendant any recovery on his cross-action. The defendant has appealed.

■ The appellant contends that appellee had no right to declare the indebtedness due for failure to pay the August installment, and consequently the suit was prematurely brought and the writ of seques-. tration improperly sued out. There was evidence that the truck failed to work properly and that appellant lost considerable time as a result thereof. Appellant testified that he was in the office of the Motor Supply Company August 6, 1934, and talked to Mr. Cain, the manager thereof, and others concerning the payments on his note and the time that he had lost on account of the defect in the truck. He testified in part as follows:

"Q. What discussion did you have with Mr. Cain, if any, with reference to the payments on this truck, and with reference to the condition of the truck on August 6th? A. There were others in the office when we were talking, and I explained to them the defectiveness of this truck and that I had not been able to work with it, and I was assured I would have an extension of time when that payment became due.

"Q. What, if anything, was the basis for that extension of time for payment at that time—August 6th? A. Was not any definite agreement. Understand in talking on this, we just talked as a 'Gentleman's agreement'; that it was the truck's fault, and not my fault, and that they would give me an extension of time. I understood it to be a 'gentleman's agreement' between us."

Thereafter, appellant took the truck to Denton county and used it in hauling gravel. Mr. Harroway, sales manager of Motor Supply Company, on August 29th went to see appellant, where he was working, and discussed with him the matter of payment on his note. In this connection appellant testified as follows: "A. I asked him when would he expect me to make payment on the truck; and he says—At the earliest date you can make it; and I told him that I was going to Cooke county to go to work for a company, and that I would make payment on the 15th of September; and he said that was satisfactory to him." This evidence was not controverted, and, in our opinion, was sufficient to raise a question of fact for the jury as to whether appellee agreed to extend time of payment on the installment that otherwise would have matured on August 21st. Adjustment of appellant's claim for damages on account of the failure of the truck to operate furnished sufficient consideration for the extension of time.

■ Appellee contends that the purported agreement to grant an extension of time in which to pay the first installment was not made by anyone having authority to bind the corporation. According to the testimony of appellant who was not contradicted in this respect, Mr. Cain, general manager of the corporation, agreed to grant an extension of time on account of the injuries suffered by appellant as a result of the defect in the truck, but no definite date for the first payment was fixed at that time. This agreement alone was possibly sufficient to extend the time of payment of the first installment for a reasonable time and to amount to a waiver of appellee's right to declare a forfeiture for the failure to pay such installment on the date originally provided for in said note. 6 Tex.Jur. 688. But, in addition to this, it appears that Mr. Harroway, purporting to represent the corporation, went from Ellis county to Denton county and after discussing the debt with appellant definitely agreed with him to fix the date of the first payment as September 15th. Mr. Harroway was not an ordinary automobile sales agent, but was sales manager of the corporation and had actually sold this particular truck to appellant. Appellee offered no evidence whatever to prove that he did not make the agreement testified to by appellant, nor that he did not have authority to bind the corporation in that respect. In the absence of evidence showing a limitation of his authority, we think the testimony was sufficient to raise a question of fact for the jury as to the authority of this agent to agree on the date to which the extension of time would be granted. 2 Tex. Jur. 406, § 21; Id. p. 499, § 103; Townsend, Townsend & Co. v. South Plains Monument Co. (Tex.Civ.App.) 257 S.W. 648. If the payment was extended as testified to by appellant, then appellee had no right to declare the indebtedness due, and consequently the suit was prematurely brought and the writ of sequestration improperly issued.

■ The appellee contends that the removal of the truck out of Ellis county was in violation of the terms of the chattel mortgage hereinabove referred to, and that this fact alone was sufficient to authorize appellee to declare the indebtedness due and to take possession of the truck; and since it had a right to take possession of the truck without legal process, there could be no damages for the taking under a process, even though it was issued without authority. The evidence, however, indicates that appellee permitted the truck to be taken out

of Ellis county and therefore waived its right to declare a forfeiture on this account. 19 Tex.Jur. 813; 6 Tex.Jur. 688.·

In our opinion the evidence raised questions of fact that should have been submitted to the jury. For this reason, the judgment of the trial court is reversed, and the cause remanded for a new trial.